**UNITED STATES of America, Appellee,**

v.

**Sidney A. ERICKSON, Appellant.**

**No. 83–2028.**

United States Court of Appeals,
Tenth Circuit.

April 23, 1984.

William L. Lutz, U.S. Atty., Albuquerque, N.M. (Larry Gomez, James F. Blackmer, Asst. U.S. Attys., Albuquerque, N.M., with him on the brief), for appellee.

David L. Norvell of Norvell & Glover, Albuquerque, N.M., Rod Snow, Denver, Colo. (Pizzitola, Hinton & Sussman, Houston, Tex., with them on the briefs), for appellant.

Before SETH, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After a trial to the court on stipulated facts, the appellant-defendant, Erickson, was found guilty of importation of marijuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). He appeals from the sentence pronounced. On this appeal he argues the question of the trial court's finding that he did not have standing to object to the installation of a transponder, a device for tracking airplanes, on a Cessna 404 Titan aircraft. We affirm.

Pursuant to an order of a federal magistrate stationed in Colorado, the government installed a transponder in the interior of the Cessna aircraft. Later the airplane was tracked and downed in New Mexico with a large quantity of marijuana aboard. The defendant filed a motion to suppress the installation of the transponder claiming that such installation was an invasion of his right to privacy. In support of his motion to suppress, the defendant presented affidavits and testified himself. The court denied the motion to suppress.

The defendant testified that the plane, formerly owned by Emery Air Freight, was sold by Midway Aircraft Brokers, Inc., of Chicago to Armadillo Air Ambulance. It was paid for with cashier's checks of a Jack Martin, whose real name, defendant claimed, was Jake Valley, who was terminally ill of cancer in a Grand Junction, Colorado hospital, and died in May of 1983. Defendant Erickson testified that the purchase of the plane was a partnership venture between Valley and him and that his contribution to the partnership was a Piper aircraft owned by him. The partnership was known as Armadillo Air Ambulance which gave a fictitious address in Houston,

Texas. Defendant had the keys to the plane and left it at Monarch Aviation in Grand Junction. At the time it was downed in New Mexico, on May 9, 1983, the plane still bore the Emery logo on the fuselage. After examining the affidavits and other papers submitted by the defendant, Erickson, and having heard the testimony of Erickson, the court found that no credibility could be given the application of Jack Martin for FAA registration with reference to the purchaser of the plane nor to Erickson's testimony with reference to the partnership. R. III, pp. 113–114.

Defendant asserts that he had a "legitimate expectation of privacy" in the Cessna aircraft, *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633, and hence standing to complain of the installation and use of the transponder. Although the use of the transponder may give rise to different considerations than the installation, see *United States v. Knotts*, 460 U.S. 276, 103 S.Ct. 1081, 1084, 75 L.Ed.2d 55, the prime concern of the defendant here is the installation of the equipment in the interior of the plane. The FAA records showed that the Cessna 404 Titan aircraft was registered as belonging to Emery Air Freight until July 11, 1983, R. III, pp. 87, 92. At the time the airplane was seized with the marijuana aboard, it bore the Emery logo on its fuselage.

■ Defendant was given every opportunity to establish his claimed partnership in the plane with Jake Valley, alias Jack Martin, and the trial court found that his testimony in that regard was not credible. In such a situation we are bound by the trial court's determination unless it is clearly erroneous. *United States v. Coker*, 10 Cir., 599 F.2d 950, 951. We find that the trial court's finding is not clearly erroneous. The defendant's fanciful account of the plane partnership with Valley, alias Martin, challenges belief.

Looking to defendant's claim that his possession gave him standing, the judge noted that there was no tie between defendant and Emery Air Freight, and stated, "That leaves unexplained the circumstance wherein this defendant was in possession of the airplane on May 6, 1983 and therefore, he has failed to show that he had a reasonable expectation of privacy." Tr. 113.

In *Rakas v. Illinois*, 439 U.S. 128, 143–144 n. 12, 99 S.Ct. 421, 430–31 n. 12, 58 L.Ed.2d 387, the Supreme Court stated that,

"... one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude."

The question, then, is whether Erickson sufficiently showed lawful possession or control to confer standing.

■ No testimony showed that the defendant had anything to do with Emery Air Freight or that he was authorized by Emery to possess, use, or fly the aircraft. Thus defendant failed to show lawful possession of the plane giving rise to a legitimate expectation of privacy. See *United States v. Parks*, 5 Cir., 684 F.2d 1078; *United States v. Bruneau*, 8 Cir., 594 F.2d 1190, 1192–1193, cert. denied 444 U.S. 847, 100 S.Ct. 94, 62 L.Ed.2d 61.

■ The trial court found that even if he had standing, defendant was not entitled to a hearing as provided for in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. In Franks, the Supreme Court noted the presumption of validity of an affidavit used to establish probable cause but recognized that, in some circumstances, a defendant should be allowed a hearing to test the veracity of statements contained in such an affidavit. To be entitled to such a hearing the defendant must make a substantial preliminary showing, including allegations that a false statement necessary to a determination of probable cause was included in the affidavit by the affiant either intentionally or with reckless disregard. A defendant is not entitled to a hearing simply by attacking the veracity of the affiant's nongovernmental informant. See *Franks*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667. We agree that the defendant did not make the required preliminary showing.

The affiant, Art Haran, is a United States Customs officer stationed in Albuquerque, New Mexico. Much of his information came from Deputy Richard Green of the Mesa County, Colorado, sheriff's department. As part of his offer of proof, defendant Erickson submitted affidavits attacking the veracity of Green's statements. After reviewing the affidavits, the trial court was correct in its finding that, although some of the statements appear to be wrong, there is no support for the allegation that such false statements were made either intentionally or recklessly.

A review of the record supports the trial court's determination, R. 1, p. 62, that:

"Assuming *arguendo* that the veracity of the information provided by Green is fair game for a *Franks* inquiry there is again an inadequate showing that Green intentionally made false statements to Haran or that Green made false statements with a reckless disregard for their truth."

See *United States v. Monaco*, 10 Cir., 700 F.2d 577, 580.

■ In this court defendant filed a motion for partial remand on the basis of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. During the pendency of this appeal, the government filed an action, No. 83-K-2206, in the district court for the District of Colorado for the forfeiture of the Piper aircraft which defendant claimed was his contribution to the partnership between Martin, alias Valley, and himself. The case was dismissed without prejudice.

In the Colorado forfeiture proceedings, the Assistant United States Attorney filed a response to a motion to dismiss which stated:

"Assistant United States Attorney Joseph Mackey called Special Agent Garland Arnold inquiring about additional information directly linking the aircraft with marijuana smuggling. Garland said that additional information should be available by the end of the week. S/A Garland Arnold further stated that Erickson purchased the Cessna 404 aircraft because he was having continuing problems with the Piper."

The undisclosed statement by Arnold must be compared with the testimony of Erickson that Armadillo Air Ambulance bought the plane. He testified that Jack Martin paid for the aircraft with cashiers checks that showed no remitter. His position was that a partnership agreement between Martin and him existed wherein he contributed the Piper plane to the partnership, and that Martin later signed the aircraft over to him. He further testified that the plane was bought for speculative purposes. The undisclosed statement does not support Erickson's testimony that the partnership, not himself individually, owned the plane. In *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342, the Court considers the situations in which *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, will apply and says, p. 108, 96 S.Ct. p. 2400:

"But to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial."

See also *United States v. Jackson*, 10 Cir., 579 F.2d 553, 559-560.

Brady requires the government to turn over information only in situations involving defendant's "discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *Agurs*, 427 U.S. at 103, 96 S.Ct. at 2397; *United States v. Behrens*, 10 Cir., 689 F.2d 154, 158, *cert. denied* 459 U.S. 1088, 103 S.Ct. 573, 74 L.Ed.2d 934. Erickson was given full opportunity to develop the facts regarding the purchase of the Cessna. The trial court did not believe him. In the circumstances presented there was no violation of *Brady*.

■ Also, during the pendency of this appeal, Erickson filed in Colorado, an action No. 83-Z-1893, for review under 26 U.S.C. § 7429(b) of the determination by the Secretary of the Treasury of tax due from Erickson. Included therein as unreported income was an item "Cessna pur-

chased for cash 5–1–83 $140,000.00." We have examined the district court files in this case and find that the evidence is not transcribed. We do not know the basis for the district court's finding that the assessment was reasonable and proper.

The position of the government in the tax case cannot be reconciled with its position in the criminal case. In the tax case it charged Erickson with the purchase of the Cessna aircraft. In the criminal case it denied standing to resist the installation of the transponder on the ground that he had no right of privacy in the plane. The government should not be taking opposite factual positions in two different, but related, cases. Both *Brady*, 373 U.S. at 87, 83 S.Ct. at 1196, and *Agurs*, 427 U.S. at 110–111, 96 S.Ct. at 2400–01 emphasize the prosecutor's duty to promote justice rather than win cases. It has not done so here and we disapprove its actions.

The motion to remand is denied and the judgment is affirmed.