**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Eugene ROPER, Jr.,
Defendant–Appellant.**

**No. 90–5010.**

United States Court of Appeals,
Tenth Circuit.

Nov. 13, 1990.

Submitted on the briefs: *

Tony M. Graham, U.S. Atty., and David E. O'Meilia, Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Curtis J. Biram of Biram & Kaiser, Tulsa, Okl., for defendant-appellant.

Before McKAY, BALDOCK, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

In a one-count indictment, Michael Roper, Jr. and two co-defendants, John Griffin and Robert Burke, were charged with the possession with intent to distribute cocaine, in excess of 500 grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). We are here concerned with only Roper.

Roper filed a motion to suppress the use at trial of the cocaine seized from an automobile which he was driving in Oklahoma and which had been stopped for speeding. After hearing, the district court denied the motion, holding that Roper had no standing to challenge the search of the vehicle, and, alternatively, that Roper, in any event, had consented to the search.

Thereafter, by plea agreement, Roper pleaded guilty to a one-count information charging him with interstate travel to facilitate a narcotics enterprise, in violation of 18 U.S.C. § 1952, Roper reserving the right to appeal the district court's denial of his motion to suppress. He was then sentenced to imprisonment for forty-six

---

* On appeal neither party indicated a desire for oral argument. Thereafter, a panel of this court examined the briefs and appellate record and determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

months followed by thirty-six months of supervised release. Pursuant to the plea agreement, the original indictment was dismissed.

At the evidentiary hearing on Roper's motion to suppress, it was established that an automobile driven by Roper was stopped by an Oklahoma Highway Patrol trooper on the Turner Turnpike near Bristow, Oklahoma. At the time, Robert Burke was a passenger sitting in the front seat, and John Griffin was asleep in the back seat. The trooper testified that he stopped the vehicle because the driver was traveling 74 miles per hour in a 65 miles per hour zone. Roper was given a traffic citation.

After issuing the citation, the trooper asked Roper, who was at the time seated in the trooper's patrol car, if he had any drugs or guns in the car. Roper said he did not. The trooper then asked if Roper would consent to a search of his car. Roper replied that he had no objection and signed a consent to search form. The trooper testified that he then went to the stopped vehicle and asked both Griffin and Burke if he could search the vehicle and they verbally consented. The trooper in his search of the vehicle noticed a bulge behind the back of each front seat, and when he pulled off the cloth-covered panel from the rear of each seat he found two packages of cocaine, one inside of each panel.

At the hearing on the motion to suppress, it was also established that the vehicle in question had been rented from Budget Rent-a-Car at the Los Angeles, California airport by one Jessica Johnson, the common-law wife of John Griffin. In renting the car, she used a credit card which had been issued jointly in her name and John Griffin's name. The rental contract provided that the car could only be driven by the lessee, Jessica Johnson, and could not be driven outside the State of California without written permission. After renting the vehicle, Johnson turned it over to Griffin. Griffin was going to use the vehicle to transport cocaine from Los Angeles to the Baltimore, Maryland area.

Johnson was to fly to Washington, D.C., where she would meet Griffin.

Before leaving for Baltimore, Griffin removed the panels from the backs of each front seat and placed 500 grams of cocaine in each seat. He then re-glued the panels to the seat.

Griffin's drivers license had been suspended, so he hired Roper and Burke to drive the vehicle to Baltimore, agreeing to pay each of them $500. Roper knew that the vehicle he was driving had been rented and that it had cocaine secreted therein. Roper testified, at the suppression hearing, that he had no possessory interest in the cocaine seized.

The district court in denying the motion to suppress held that Roper had no standing to challenge the search of the vehicle and the seizure of the cocaine therefrom, and, alternatively, that in any event Roper had consented to the search.

At the outset it should be noted that Roper has made no claim that the initial stop of the vehicle he was driving was pretextual in nature. Such being the case, the first matter to be considered is whether Roper has any standing to challenge the search of the vehicle. If it is determined that he does not have standing, we need not consider the consent issue.

In *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the petitioners were convicted of armed robbery in a state court of Illinois. At the trial, the prosecution offered into evidence a sawed-off rifle and rifle shells which had been seized by the police during a search of an automobile in which the petitioners were passengers. The vehicle was stopped and searched shortly after the robbery. Neither petitioner was the owner of the vehicle and neither asserted ownership of the rifle or rifle shells. The person driving the getaway car was the owner of the car.

In the Illinois trial court, the rifle and rifle shells were received into evidence, over objection. On appeal, the Illinois Appellate Court held that the petitioners, as mere passengers in the vehicle, lacked standing to object to the allegedly unlawful search. On certiorari, the Supreme Court

affirmed. In so doing, the Supreme Court in *Rakas* at 144, n. 12, 99 S.Ct. at 430–31, n. 12, stated that although common-law concepts of real and personal property are not dispositive, "one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of his right to exclude." The Supreme Court also commented that Fourth Amendment rights are personal rights which could not be "vicariously asserted." In this connection, the Supreme Court went on to state as follows:

> A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.

*Rakas* at 134, 99 S.Ct. at 425 (citation omitted).

In *United States v. Erickson*, 732 F.2d 788 (10th Cir.1984), we considered the reach of *Rakas*. The issue in *Erickson* was whether the defendant had standing to challenge the installation of a transponder, a device for tracking airplanes, in a Cessna aircraft. We noted that in *Rakas* the Supreme Court had stated that one who owns or lawfully possesses or controls property will ordinarily have a legitimate expectation of privacy. Using that test, we held that the defendant in *Erickson* had not established either ownership or lawful possession of the Cessna and therefore did not have standing to challenge the installation of the transponder in the aircraft.

In support of his claim of ownership or lawful possession of the Cessna, Erickson testified that he and a deceased partner had bought the plane for their partnership. The partnership was known as Armadillo Air Ambulance and had a fictitious address in Houston, Texas. Pursuant to an order of a federal magistrate in Colorado, the government installed a transponder in the aircraft which Erickson had left at Monarch Aviation in Grand Junction, Colorado. The aircraft was later tracked and downed in New Mexico.

The district judge, as the finder of fact, disbelieved Erickson's testimony, which in *Erickson* we said the judge had a right to do. In this regard, the district court noted that the plane, originally owned by Emery Air Freight, still bore the Emery logo. In any event, the district court found that Erickson lacked standing to challenge the installation of the transponder and we affirmed, stating that Erickson had "failed to show lawful possession of the plane giving rise to a legitimate expectation of privacy." *Erickson* at 790 (citations omitted).

*United States v. Obregon*, 748 F.2d 1371 (10th Cir.1984) is almost on all fours with the instant case. In *Obregon*, a vehicle was stopped by the New Mexico State Police on Interstate 40 near Moriarty, New Mexico and a search of the vehicle disclosed cocaine. The car in question was a rented car which had been turned over by the lessee to the defendant who was in sole possession of the vehicle at the time of the search. The district court held that under those circumstances the defendant had no standing to challenge the search of the rented car. We affirmed on appeal, citing *Erickson*. In so doing, we quoted with approval these findings of the district court:

> Defendant had the keys to the car and may have had permission from the renter of the car to use it, but this is not determinative of the standing inquiry in this case. Defendant was driving· a rented vehicle and was not named on the rental agreement or any other documents, either as the renter or as an authorized driver. Defendant made no showing that any arrangement had been made with the rental car company that would have allowed him to drive the car legitimately. Indeed, the defendant testified that he waited outside of Miami airport while an unrelated third party arranged the rental of the car. Defendant's relationship to the rented car is too attenuated to support a claim of standing.

*Obregon* at 1374 (citation omitted).

We believe that *Obregon* and *Erickson* clearly dictate upholding the district court's findings in the instant case that Roper did not have standing to challenge the search of the vehicle he was driving at the time of

the stop. He was not the owner nor was he in lawful possession or custody of the vehicle. The vehicle had been rented by Griffin's common law wife in California. Neither Roper nor Griffin was listed as an additional driver in the rental contract.

Roper's reliance on *United States v. Erwin*, 875 F.2d 268 (10th Cir.1989) is misplaced. Erwin was a passenger in an automobile which was stopped by a New Mexico police officer for speeding. A subsequent search of the vehicle revealed a quantity of marijuana. Erwin moved to suppress the use at trial of the marijuana taken from the vehicle. The district court denied the motion to suppress and, on appeal, we affirmed. Although holding that Erwin, as a passenger, had standing to challenge the *stop*, we also held that Erwin did not have standing to challenge the ensuing *search*, since he did not claim ownership of the marijuana nor did he own or legitimately possess the automobile.

Having now determined that Roper lacks standing, we need not consider the consent issue.

Judgment affirmed.

McKAY, Circuit Judge, concurring:

I don't believe that standing should turn on whether someone is listed as an additional driver on a car rental contract. Whatever rights may exist between the driver with permission of the lessee and the lessor, they should not determine the driver's standing to object to a search. I simply do not agree with our cases to the contrary.

However, I believe that valid consent to the search was given. I would therefore affirm.