940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reynaldo GARCIA-BENCOMO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rigoberto BENCOMO-ORTIZ, Defendant-Appellant.
 Nos. 90-2206, 90-2207.
 United States Court of Appeals, Tenth Circuit.
 Aug. 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Reynaldo Garcia-Bencomo ("Garcia" hereinafter) and Rigoberto Bencomo-Ortiz ("Bencomo" hereinafter), pled guilty and were convicted of conspiracy to possess over 100 kilograms of marijuana with intent to distribute. In addition, after a bench trial, Garcia was convicted of unlawfully possessing a machine gun, possession of an unregistered firearm, and possession of a firearm after having been convicted of an offense, the punishment for which exceeded 1 year imprisonment. Both were sentenced to a term of imprisonment of 60 months followed by a 5 year period of supervised release. Garcia's terms for the multiple counts of conviction were all concurrent. On appeal, both defendants challenge their convictions on the ground that the court erred in denying their motions to suppress physical evidence discovered and statements made at the time of their arrest. In particular, the motion sought suppression of $15,000 in cash and a machine gun which were seized from a pickup truck driven by Garcia, in which Bencomo was a passenger, and 487 pounds of marijuana secreted nearby. We affirm.
 
 
 3
 As a preliminary matter, we agree with the government that Bencomo failed to preserve his right to appeal. The record discloses that his guilty plea was not conditional, and he did not reserve "in writing the right, on appeal from the judgment, to review of the adverse determination on any specified pretrial motion," as required by Fed.R.Crim.P. 11(a)(2). In addition, at the hearing on the suppression motion, the following colloquy occurred:
 
 
 4
 THE COURT: Mr. Harris do you have anything to present in connection with the standing of your client, Rigoberto Bencomo?
 
 
 5
 MR. HARRIS: None. We don't claim any standing.
 
 
 6
 R.Vol. II at 44.
 
 
 7
 Accordingly, we reject Bencomo's appeal, and affirm his conviction.
 
 
 8
 The facts with respect to Garcia are as follows. On August 12, 1989, sensors placed by border patrol agents along the international boundary between the United States and Mexico in Hidalgo County, New Mexico, signalled a border crossing into the United States. Secondary sensors along a remote trail known to the authorities to be used by smugglers at that point confirmed the entry. Upon investigation, law enforcement officers discovered 487 pounds of marijuana which, according to tracks at the scene, had been brought to that point by three or four horses. Border patrol agents and a Hidalgo County deputy sheriff set up a surveillance. Several hours later a Chevrolet pickup truck entered the area and stopped. The driver, Garcia, got out of the truck, climbed a windmill located at that spot, scanned the area, and whistled. The passenger, Bencomo, got out of the truck and began looking through the brush. During his reconnaissance of the area, Bencomo discovered the concealed officers. Thereafter the two men were arrested and held for the arrival of other officers. Subsequently, Garcia was advised of his Miranda rights in Spanish, after which he indicated his willingness to speak with the agents. Garcia then signed a waiver of rights and spoke to the officers. He also gave permission for the officers to search the truck.
 
 
 9
 The agents searched the truck. They found an M-16 rifle, a cannister of AK-47 ammunition, and $15,000 in cash. Garcia admitted that he was in the area to pick up the marijuana which had been brought in by horseback. The rifle, the money, and the ammunition were to be given to the person who was to be waiting with the marijuana as payment for the drugs.
 
 
 10
 At the suppression hearing Garcia testified that he was the owner of the truck, but his testimony was rambling and inconsistent. Documents found in the glove compartment of the truck included a certificate of title in the name of a Charles Michael Wait and a reassignment of title in the name of Andrew L. Ortiz. Garcia's name did not appear on any document. He claimed that he purchased the truck for $2,500 cash and received a receipt, but he was unable to produce the receipt.
 
 
 11
 Garcia further testified that he had loaned the truck to one Roberto Veles for several days prior to the trip to New Mexico and that Veles had left the truck at a Kentucky Fried Chicken stand in Phoenix, Arizona, for Garcia to pick up. Garcia testified that when he picked up the truck at the Kentucky Fried Chicken stand a machine gun and $15,000 in cash were in the truck. He claimed no ownership in either the machine gun or the cash.
 
 
 12
 After listening to the examination and cross-examination of Garcia, and the testimony of agent Melani Dziadulewicz, the district court ruled that Garcia had failed to prove by a preponderance of the evidence that he had standing to contest the search of the vehicle. He expressly found that Garcia was not a credible witness, stating: "[h]is testimony is riddled with inconsistencies and contradictions, and I just don't place any credibility in him, whatsoever." R.Vol. II at 43.
 
 
 13
 The issue of whether a person has a legitimate expectation of privacy in a searched area is a question of law and is reviewed de novo. The facts upon which the legal conclusion is based are reviewed under the clearly erroneous standard. United States v. Arango, 912 F.2d 441, 444 (10th Cir.1990), cert. denied, 111 S.Ct. 1318 (1991). Credibility determinations by the district court must be accepted on appeal unless clearly erroneous. United States v. Erickson, 732 F.2d 788, 790 (10th Cir.1984).
 
 
 14
 The district court's findings are not clearly erroneous. They establish for purposes of our review that Garcia did not prove any ownership interest in the pickup truck. That leaves only an expectation of privacy based on mere control, or arising on some other ground. "[W]e have held that mere control is not sufficient to establish a protectable Fourth Amendment privacy right...." United States v. Jefferson, 925 F.2d 1242, 1249 (10th Cir.1991). See United States v. Roper, 918 F.2d 885, 887-88 (10th Cir.1990); United States v. Obregon, 748 F.2d 1371, 1375 (10th Cir.1984). In his testimony at the suppression hearing Garcia did not attempt to establish some other basis which would support an expectation of privacy, such as possession based upon permission by the owner. Furthermore, Garcia did not possess a privacy interest in the machine gun or in the cash located in the pickup truck because he denied having any ownership interest in those items. See United States v. Jefferson, 925 F.2d at 1250-51 n. 8. "[C]ars are not to be treated identically with houses or apartments for Fourth Amendment purposes." United States v. Jefferson, 925 F.2d at 1251 (quoting Rakas v. Illinois, 439 U.S. 128, 148 (1978)).
 
 
 15
 Our careful review of the testimony at the suppression hearing convinces us that Garcia did not present evidence of a sufficient interest in the pickup truck or in the machine gun or cash to trigger a recognition of Fourth Amendment privacy rights by this court. Therefore, we reject Garcia's argument that the district court erred in denying the motion to suppress. Alternatively, we hold that even if Garcia had an expectation of privacy in the vehicle, there was probable cause for his arrest, and he consented to the search.
 
 
 16
 For the foregoing reasons, the judgment of conviction is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3