986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Michael TAVALE, also known as Malaki S. Faafeai,
Defendant-Appellant.
 No. 92-4002.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1992.
 
 Before LOGAN, BARRETT and SEYMOUR, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Defendant-Appellant Daniel Michael Tavale appeals his conviction for violating 18 U.S.C. §§ 922(g) and 924(a)(2) as a felon in possession of a firearm affecting interstate commerce. Mr. Tavale was a passenger in a vehicle stopped by an officer who knew Mr. Tavale. The vehicle was stopped pursuant to a radio dispatch announcing that Mr. Tavale was a suspect in a burglary in progress and that he was reported to be carrying a gun. The vehicle was owned by the driver's mother. Mr. Tavale was ordered out of the vehicle, told he was a suspect in a burglary, and patted down. The officer found an ammunition clip for a gun. The officer's subsequent search of the vehicle uncovered a gun in the glove compartment. The ammunition clip fit this gun.
 
 
 2
 Mr. Tavale argues that the district court incorrectly denied both his pretrial motion to suppress and his motion for a directed verdict at the close of the prosecution's case. We affirm the district court's orders denying Mr. Tavale's motions.
 
 
 3
 Mr. Tavale first contends that his motion to suppress should be granted because the police lacked reasonable suspicion to stop the vehicle and to pat him down. Although as a passenger he had standing to object to the stop, see United States v. Erwin, 875 F.2d 268, 270 (10th Cir.1989), the radio dispatch clearly provided reasonable suspicion for stopping the car and patting down Mr. Tavale.
 
 
 4
 The government maintains that Mr. Tavale did not have standing to object to the search of the vehicle. Mr. Tavale was neither the owner nor a driver in " 'lawful possession or custody of the vehicle.' " United States v. Jefferson, 925 F.2d 1242, 1249 (10th Cir.1991) (quoting United States v. Roper, 918 F.2d 885, 887-88 (10th Cir.1990)). Although the driver of the vehicle might have enjoyed a possessory interest in the car if the owner had lawfully loaned him the vehicle, Mr. Tavale was a back seat passenger. Following the Supreme Court's decision in Rakas v. Illinois, 439 U.S. 128 (1978), we stated in Jefferson that "passengers in a car driven by the owner at the time of the search [do] not have a legitimate expectation of privacy in the car such that they could raise a Fourth Amendment challenge to the search of the car." 925 F.2d at 1249; see Rakas, 439 U.S. at 148-49. Furthermore, ["i]t is immaterial if evidence sought to be introduced against a defendant was obtained in violation of someone else's fourth amendment rights." United States v. Arango, 912 F.2d at 441, 445 (10th Cir.1990). Thus, even if the search had violated the driver's rights, it would not be a concern affecting Mr. Tavale's rights. Because Mr. Tavale lacked standing to object to the search of the car, we affirm the district court's denial of his motion to suppress evidence obtained from that search.
 
 
 5
 Mr. Tavale also contends that the district court should not have denied his motion for judgment of acquittal because the prosecution did not present sufficient evidence of his knowing possession of the firearm. In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the government to determine whether there is substantial evidence from which a jury could find guilt beyond a reasonable doubt. See United States v. Peveto, 881 F.2d 844, 860 (10th Cir.), cert. denied, 493 U.S. 943, 944 (1989). The evidence at trial revealed that Mr. Tavale had been patted down by an officer who found a gun clip on Mr. Tavale. The officer then discovered the gun in the glove box of the vehicle. The gun clip fit into the gun. There was also testimony that Mr. Tavale was seen with a gun, and that he removed the clip in front of the witness and placed it in his pocket. This evidence is sufficient to permit the jury to find Tavale guilty beyond a reasonable doubt.
 
 
 6
 The decision of the district court is accordingly AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3