986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Antonio ROSALES, Defendant-Appellant.
 No. 92-4137.
 United States Court of Appeals, Tenth Circuit.
 Jan. 5, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 Jorge Antonio Rosales appeals the denial of his motions to suppress evidence. Following the entry of the order appealed from, Mr. Rosales entered a plea of guilty. The record is silent whether he initiated this plea pursuant to Fed.R.Crim.P. 11(a)(2); however, he states in his brief that he entered into a plea agreement in which the government stipulated he could appeal the ruling on the motions to suppress.
 
 
 2
 That agreement is not a part of the appellate record, but the government raises no issue regarding the defendant's failure to procure the approval of the district court or the entry of a conditional plea in accordance with Rule 11. We shall not, therefore, preclude a review on the merits. Following that review, however, we affirm the judgment of the district court.
 
 
 3
 While driving through the State of Utah, defendant was stopped by a state patrolman for speeding and for having an expired license plate on the vehicle he was operating. During the course of the stop, the officer became suspicious when the defendant and the other occupants of the vehicle were unable to identify its owner. In response to a question from the officer, defendant claimed the truck was owned by the "boyfriend" of one of the occupants, but when a registration for the vehicle was found, neither the defendant nor the passengers recognized the name of the registered owner. Following subsequent events, the officer discovered a secret compartment under the truck containing 94 kilograms of cocaine which they seized. This seizure led to the charges and defendant's guilty plea.
 
 
 4
 Although defendant contends the search and the seizure violated his Fourth Amendment rights, it is clear he has no standing to challenge the search. In United States v. Arango, 912 F.2d 441, 445 (10th Cir.1990), cert. denied, 111 U.S. 1318 (1991), a case whose facts are remarkably similar to those before us here, we stated a defendant's standing was essential to his ability to raise a Fourth Amendment issue. Pertinent to standing is the defendant's proof that he had a reasonable expectation to privacy in the vehicle searched which grew from his ownership or lawful possession of that vehicle. We concluded in Arango that a defendant's claim he was using the vehicle with the consent of the true owner was not sufficient proof of standing. Id. at 445. To like effect, see United States v. Roper, 918 F.2d 885 (10th Cir.1990); United States v. Rascon, 922 F.2d 584, 587 (10th Cir.1990), cert. denied, 111 S.Ct. 2037 (1991); and United States v. Abreu, 935 F.2d 1130 (10th Cir.), cert. denied, 112 S.Ct. 271 (1991). On the basis of this authority, we conclude defendant did not carry his burden of establishing he had standing to object to the search and subsequent seizure, United States v. Erwin, 875 F.2d 268, 270 (10th Cir.1989); therefore, we do not consider his arguments relating to the validity of the seizure and the suppression of the evidence obtained.
 
 
 5
 Defendant also argues his "post-arrest incriminating statement was not sufficiently an act of free will to purge the taint of his illegal detention." Unfortunately, he does not make clear which of many statements he refers to. He raises issues relating to questions directed to him after he was initially stopped by the patrolman, but connects those questions to later statements he made while in custody in the Juab County Sheriff's office. (The latter statements were made after officers advised defendant of his "Miranda Rights.") In sum, defendant appears to argue because the initial search of the vehicle was invalid, any statements he made thereafter were tainted and inadmissible. Unfortunately, his argument is obscure.
 
 
 6
 We are left in doubt what "incriminating" statements were made that should have been suppressed. Moreover, if the linkage to suppression is through the searches, we have already held defendant's lack of standing obviates our consideration of that subject. We are also hard-pressed to find whether this specific issue was presented to the district court.
 
 
 7
 The magistrate judge ruled that prior to custodial questioning the defendant was properly advised of his rights, but then waived those rights and proceeded to respond to questioning. The magistrate, having heard disputed testimony on the question of waiver, nonetheless chose to disbelieve the defendant. We cannot find any basis for concluding this determination was clearly erroneous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3