28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose GOBEA-ESPINOZA, Defendant-Appellant.
 No. 94-4054.
 United States Court of Appeals, Tenth Circuit.
 July 7, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 Following the entry of a conditional plea of guilty, defendant Jose Gobea-Espinoza appeals a decision of the trial court denying his motion to suppress evidence seized from an automobile rented by another but driven by him. After reviewing the briefs and the record, we affirm.
 
 
 2
 The parties are aware of the facts of this case, and no additional benefit would be conferred by reciting them here. We shall therefore confine ourselves to those facts necessary to an explanation of our conclusions.
 
 
 3
 Defendant claims the district court erred in holding he had no standing to object to the search of and subsequent seizure of narcotics from the automobile. This issue has already been resolved against him in United States v. Roper, 918 F.2d 885, 887-88 (10th Cir.1990), in which we held a person who is neither the owner nor renter of a vehicle has standing to object to a search of a rented car. Defendant nonetheless claims he has standing because the actual renter gave him permission to drive, but we dismissed that argument in Roper. Id. at 888. He also suggests the dissent in Roper had a better viewpoint on the law of standing, but we are not governed by dissenting opinions.
 
 
 4
 Defendant's lack of standing obviates other issues raised in his brief concerning seizures of narcotics from the vehicle, leaving for consideration only whether his right to be free from unreasonable personal seizure was violated when the car was stopped.
 
 
 5
 The record indicates when defendant's car was first observed it was traveling the wrong direction on the interstate at an unsafe rate of speed in a severe snowstorm in which visibility varied from twenty to one hundred feet. An officer who followed defendant's car testified the road was "very slick" and defendant was traveling approximately sixty-five miles per hour. He added driving at that speed under the existing weather conditions was "scary, it was too fast." At that point, the officer activated his emergency light; however, defendant did not stop but continued down the road about a half mile.
 
 
 6
 The officer who stopped the car did so because he "was suspecting alcohol from his [defendant's] driving the wrong way on the freeway and as long as it took him to stop." When the officer asked defendant for a driver's license, he produced one issued by the State of California, yet the car he was driving was licensed in the State of Utah. Defendant told the officer the car was rented by a friend, but he could not name the friend. Indeed, he had no evidence to indicate the car was in fact rented or that he was entitled to drive it. Although he claims he established that right at the scene, he cites no place in the record to support his argument, and we find none.
 
 
 7
 The officer who detained the defendant to learn further facts knew defendant was driving a vehicle registered in Utah that neither belonged to him nor appeared to be lawfully in his possession. Although defendant claimed a right to possess the vehicle, he was unable to name the person who gave him that right. The officer's suspicion the car might have been stolen or that other unlawful activity was afoot was heightened when defendant and his passenger gave conflicting statements concerning the origin of their travel, one indicating they started in California and the other in Nevada. We believe all of these facts indicate the decision to make the original stop was not pretextual.
 
 
 8
 The facts observable to the officers participating in the stop gave them ample reason to suspect the defendant was engaged in unlawful activity. The district court made that finding, and it is supported by the evidence.
 
 
 9
 On the basis of the foregoing, we conclude the district court did not err in denying defendant's motion to suppress. United States v. Gonzalez-Lerma, 14 F.3d 1479, 1483-84 (10th Cir.), cert. denied, 114 S.Ct. 1862 (1994). We also find defendant's remaining arguments are without merit. The judgment of the district court is AFFIRMED. Because defendant is represented by counsel, his motion to file a pro se brief is DENIED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470