**AMERICAN SAMOA GOVERNMENT,**

**v.**

**ABE SAMANA.**

High Court of American Samoa
Trial Division

CR No. 26-97

July 28, 1997

178

Before RICHMOND, Associate Justice, TUA`OLO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, John W. Cassell, Assistant Attorney General
 For Defendant, David P. Vargas, Assistant Public Defender

ORDER DENYING MOTION FOR *IN CAMERA* HEARING

## Introduction

On April 16, 1997, plaintiff American Samoa Government ("ASG") filed an information against defendant Abe Samana ("Samana") The information alleged that Samana unlawfully produced a controlled

179

substance in violation of A.S.C.A. §§ 3.1020, 13.1001(h) and (m) and 13.1006; that Samana unlawfully possessed a controlled substance in violation of A.S.C.A. §§ 3.1022 and 13.1006; and that Samana committed assault in the first degree in violation of A.S.C.A. §§ 46.3520(a) and (b) and 46.3111(7), (9) and (24).

The information is based on evidence that police gathered as a result of searching Samana's residence and the surrounding area. Police acted pursuant to a search warrant issued by the District Court of American Samoa on April 4, 1997. That search warrant was issued upon the affidavit of DPS Agent Va`aolmala Sunia ("Sunia"), who stated that a "Confidential Informant" had told him that marijuana was growing near Samana's residence.

Samana now moves for an *in camera* hearing to examine the confidential informant who had allegedly supplied the police, and eventually the District Court, with the information leading to the search.

## Discussion

A. *In camera* hearing to challenge probable cause for issuing a search warrant.

Article I, § 5 of the Revised Constitution of American Samoa provides, in part, that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and . . . things to he seized."

An evidentiary hearing to review probable cause for a search warrant, whether in camera or otherwise, is only mandated where a defendant alleges "deliberate falsehood" or "reckless disregard for the truth," and can "support those allegations with an offer of proof." *Franks v. Delaware,* 438 U.S. 154, 171, 57 L. Ed. 2d 667, 682 (1978). "Probable cause may be founded upon hearsay and information received from informants." *Franks,* 438 U.S. at 165, 57 L. Ed. 2d. at 678. A judge may issue a warrant without requiring informants to be produced, as long as there is "a substantial basis for crediting the hearsay." *Rugendorf v. United States,* 376 U.S. 526, 533, 11 L. Ed. 2d at 891-92, (citing *Jones v. United* States, 362 U.S. 257, 271-72, 4 L. Ed. 2d 697, 708-09 (1960)); *see also McCray v. Illinois,* 386 U.S. 300, 311, 18 L. Ed. 2d 62, 71 (1967) (requiring issuing judge to be informed of some of the "underlying circumstances" supporting the affiant's belief that the informant was "credible" and that his information was "reliable"). Thus, *only the affiant, not any nongovernmental informant,* may be subject to impeachment at such an evidentiary hearing. *Franks,* 438 U.S. at 171, S7 L. Ed. 2d at 682.

180

In the instant case, Samana merely states that the affiant relied on "general and vague" statements of a confidential informant, and that the confidential informant may be unreliable. However, every fact recited in the warrant need not be correct or complete as long as the information put forth by an informant "is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165, 57 L. Ed. 2d. at 678. In the affidavit in support of the search warrant, Sunia stated that he had investigated the informant's criminal history (and found no record of a conviction), verified the informant's credibility with Lt. Paulo Leuma (who had used the informant on previous occasions to uncover illegal marijuana possession), and utilized his memory to confirm that the informant's statements wore consistent with his own personal experience with Samana and Samana's residence. Thus, we believe that the affidavit contains "a substantial basis" for crediting the hearsay of the confidential informant, and that there is therefore no need to produce the confidential informant at an evidentiary hearing regarding probable cause.[1]

Finally, Samana suggests that the confidential informant "may" not exist. Of course, if this unsubstantiated allegation could effectively undermine a warrant's presumed validity, warrants could never be issued on information from confidential informants, because such an allegation could he made in every case involving a confidential government informer. Such a result would defy precedent and common sense. We cannot assume that officers are committing perjury. *American Samoa Gov't v. Samana*, 30 A.S.R.2d 1, 4 (Trial Div. 1996) (Order Denying Motion for *in Camera* Hearing). Therefore, without any further offer of proof from Samana regarding the affiant's bad faith, we find no reason to respond to Samana's self-serving statements attacking the existence or veracity of the affiant's confidential informant. *Franks*, 438 U.S. at 171, 57 L. Ed. 2d. at 682 (stating that the challenger's attack "must be more than conclusory" and must he supported by more than a "mere desire to cross-examine" the affiant); see *also United States v. Erickson*, 732 F.2d 788, 790 (10th Cir. 1984).

B. *In camera* hearing to reveal identity of informant for trial purposes.

Samana's brief does not make clear whether Samana is requesting an *in camera* hearing solely for the purposes of testing probable cause of the

---

[1] This case is factually distinguishable from this court's Order For *In Camera* Hearing with Confidential Informant in *American Samoa Gov't v.* Samana, 1 A.S.R.2d 37, 38 (Trial Div. 1996), where the defendant was able to present affidavits from individuals who directly challenged the accuracy of hearsay statements of a confidential informant.

181

search warrant, or whether Samana also wishes to obtain the identity of the confidential informant for purposes at a trial on the merits. Though the court expects greater precision from the Public Defender's Office, we shall proceed as if Samana is also requesting the identity of the confidential informant for the trial on the merits.

In general, ASG has the "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59, 1 L. Ed. 2d 639, 644 (1957) (citations omitted). The privilege advances the public interest in effective law enforcement, and encourages citizens to fulfill their civic duty to communicate their knowledge of criminal activity to law enforcement officials. *Id.*

However, the privilege is not absolute, and a trial court must "balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro,* 353 U.S at 62, 1 L. Ed. 2d. at 646. "Where the disclosure of an informer's identity . . . is relevant and helpful to a fair determination of the cause, the privilege must give way." *Roviaro,* 353 U.S. at 60-61, 1 L. Ed. 2d at 645; *see also American Samoa Gov't v. Samana,* 1 A.S.R.2d 1, 3 (Trial Div. 1996) (Order Denying Motion for *In Camera* Hearing). The Supreme Court has expressly declined to adopt a fixed rule with respect to disclosure, and instead directed trial courts to consider the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Roviaro,* 353 U.S. at 62, 1 L. Ed. 2d at 646; see also *Rugendorf,* 376 U.S. at 534-35, 11 L. Ed. 2d at 892-93.

In the case at hand, we believe that the facts weigh in favor of respecting ASG's decision to maintain the anonymity of its informant. Even if the confidential informant is generally a lying, cheating, no good varmint, such information has no value to Samana's possible defenses at trial to charges of cultivating and possessing marijuana on his land. Now that the officers have located and seized the contraband pursuant to a search warrant, the informant's statements are of little significance to the prosecution's case in chief. *American* Samoa *Gov't v. Samana,* 1 A.S.R.2d 1, 4 (Trial Div. 1996) (Order Denying Motion for In Camera Hearing).[2] Thus, we conclude that there has been no adequate showing

---

[2] The present case is factually distinguishable from *Roviaro,* where the drug possession and transport charge was based on a *transaction* that only the confidential informant witnessed. 353 U.S. at 63, 1 L. Ed. 2d at 646-47. Access to the confidential informant was a "vital need" because questioning the informant was the only way that the defendant in *Roviaro* could "explain[] or justify[] his alleged possession of the

that an *in camera* hearing involving the confidential informant "is relevant and helpful" to a particular legal theory that Samana is proposing to raise at trial or "is essential to a fair determination of the cause."[3] *Roviaro,* 353 U.S. at 60-61, 1 L. Ed. 2d at 645. We find no justification for abrogating ASG's limited privilege to protect the identity of the confidential informant

## Conclusion and Order

Accordingly, the motion for an *in camera* hearing is denied. It is so Ordered.

---

heroin" at a trial on the merits. 353 U.S. at 63, 1 L. Ed. 2d at 647. However, in the present case, the marijuana was simply growing outside Samana's residence, and Samana cannot argue at trial that the confidential informant is the only eye-witness to the crime. Furthermore, we fail to see how access to the confidential informant will significantly help Samana explain and justify his conduct.

[3] Samana claims that the access to the informant is "important" because it could go to the issue of whether or not he had "control" over the property on which the marijuana is found. But court files indicate that the informant is not listed as a witness who will testify at trial. Samana will have an opportunity to raise this defense at trial, where he will be presumed to be lacking control over the property unless the prosecution proves control beyond a reasonable doubt, and will have a chance to confront and cross-examine any witnesses the prosecution presents on the issue of control.