**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco RASCON, Jr.,**
**Defendant–Appellant.**

**No. 90–2040.**

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1990.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

William D. Fry, Asst. Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

Before HOLLOWAY, Chief Judge, and MOORE, Circuit Judge, and BROWN *, District Judge.

---

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

1. At one point in the suppression hearing, appellant seemed to indicate that Avita had said that the vehicle had been loaned to him. Tr. at 11. Appellant later testified, however, that he did not discuss with Avita how it was that Avita had

WESLEY E. BROWN, District Judge.

The defendant was stopped at a permanent border checkpoint near Orogrande, New Mexico. After being directed to a secondary checkpoint, he consented to a search of the vehicle that he was driving. Border Patrol agents found approximately twenty-five kilograms of marijuana in the car. The defendant was subsequently convicted by a jury on one count of possession with intent to distribute less than fifty kilograms of marijuana (21 U.S.C. § 841(a)(1)), and was sentenced to a term of twenty-eight months imprisonment. The defendant-appellant now challenges the district court's denial of his motion to suppress the marijuana. In particular, appellant objects to the court's finding that he lacked standing to contest the search of the vehicle. Appellant also contends that the district court failed to make any findings as to whether the initial stop of the vehicle was lawful. We affirm.

Appellant first contends that the district court erroneously determined that he did not have standing to challenge the search of the vehicle. Appellant was the only witness to testify at the suppression hearing. He explained how he came into possession of the car that he was driving. He stated that a friend of his named George Avita loaned him the car because appellant's car was being repaired. Avita gave the defendant the keys to the car as well as the registration papers. The registration slip for the car showed that it was registered to an individual named Marcos Ortiz. Avita told appellant that the registered owner was his brother-in-law. Avita did not say how he got the car and appellant testified that he had no knowledge of how Avita came into possession of the car.[1] Appellant said he had been told

the car in his possession. Tr. at 12, 17. The district court found based on the testimony that Avita's possession of the car was "absolutely unexplained." We review this factual finding under a clearly erroneous standard. *United States v. Arango*, 912 F.2d 441, 444 (10th Cir. 1990). Because the court's finding has support

by someone before he borrowed the car that Marcos Ortiz was deceased and that Ortiz had been Avita's brother-in-law.

The district court found that there was a "missing link" in the evidence that prevented appellant from showing that his Fourth Amendment rights were violated by the search. The court found that in the absence of any evidence as to how Avita got the car, appellant could not show that he had a legitimate expectation of privacy in the car. Appellant argues that the evidence was sufficient to show that he had a legitimate possessory interest in the car.

 The Fourth Amendment protects individuals against unreasonable searches and seizures. Fourth Amendment rights are personal, however, and may not be asserted vicariously. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Thus, a threshold issue in deciding a motion to suppress evidence is whether the search at issue violated the rights of the particular defendant who seeks to exclude the evidence. *Rakas,* 439 U.S. at 140, 99 S.Ct. at 428. It is immaterial if evidence sought to be introduced against a defendant was obtained in violation of someone else's Fourth Amendment rights. *United States v. Arango,* 912 F.2d 441, 445 (10th Cir.1990). A district court may not suppress evidence unless the defendant has met his burden of proving that he had a personal Fourth Amendment interest that was implicated by the search. *United States v. Erwin,* 875 F.2d 268, 270 (10th Cir.1989).

 The existence of a personal Fourth Amendment right depends upon two factors: whether the individual has exhibited a subjective expectation of privacy and whether that subjective expectation of privacy is one that society is prepared to recognize as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979). When the facts relating to this inquiry are uncontroverted, we review the issue *de novo. United States v. Rubio–Rivera,* 917 F.2d 1271 (10th Cir.1990).

This court has previously examined the reasonableness of privacy expectations for individuals in possession of an automobile. In *United States v. Erwin,* 875 F.2d 268 (10th Cir.1989), for example, we rejected the defendant's argument that he had standing to challenge the search of a vehicle in which he was a passenger. The only evidence presented at the suppression hearing showed that the defendant had had possession of the car and then transferred control of the vehicle to the driver. Neither the driver nor the defendant owned the car. We found that the defendant had not shown a legitimate expectation of privacy in the car, noting that he had failed to introduce any evidence to show legitimate ownership or possession of the automobile. *Id.* at 271 ("[T]here was no evidence concerning where or from whom the defendant obtained the vehicle or whether his apparent possession was lawful.") In *United States v. Arango,* 912 F.2d 441 (10th Cir. 1990), we again found that an individual in possession of an auto did not have standing to contest a search of the vehicle. The defendant in that case obtained the car that he was driving from an individual named Gonzalez. No evidence was presented at the suppression hearing regarding how Gonzalez obtained the car from the registered owner. We concluded that the defendant had failed to carry his burden of proving that he had a reasonable expectation of privacy in the area searched: "Although we recognize that the proponent of a motion to suppress need not always come forward with legal documentation establishing that he lawfully possessed the area searched, [cite omitted] the proponent must at least state that he gained possession from the owner or someone with the authority to grant possession." *Arango,* 912 F.2d at 445. Most recently, in *United States v. Rubio–Rivera,* 917 F.2d 1271 (10th Cir.1990), we found that an individual had a reasonable expectation of privacy in a car he was driving based on his testimony that the owner of the car loaned the vehicle to him. We stated that "[w]here the defendant offers sufficient evidence indicating that he has permission of the owner to use

---

in the record (Tr. at 12, 17), the district court

was not clearly erroneous.

the vehicle, the defendant plainly has a reasonable expectation of privacy in the vehicle and standing to challenge the search of the vehicle." *Rubio–Rivera*, at 1275.

■ Applying the standards set forth in the foregoing cases, we find that in the instant case the defendant failed to establish that he had a legitimate expectation of privacy in the automobile that he was driving. Although the defendant testified that his friend Avita loaned him the car, there was a complete absence of evidence concerning Avita's possession of the car. Thus, as in *Arango*, the defendant failed to "at least state that he gained possession from the owner or someone with the authority to grant possession." *Arango*, 912 F.2d at 445. Appellant argues that because the testimony suggested that the registered owner of the car was Mr. Avita's brother-in-law, we should infer that Avita's possession of the car was legitimate. This fact by itself, however, shows nothing with regard to Avita's possession of the car. There was simply no evidence, testimonial or otherwise, explaining how or why Avita had possession of the automobile. To presume that Avita's possession of the car was legitimate in the absence of any such evidence would be inconsistent with the burden of proof on this issue, which lies with the proponent of a motion to suppress. *See Rakas v. Illinois*, 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978). The court cannot make a determination as to whether appellant's subjective expectation of privacy in the car was one that society is prepared to recognize as reasonable because there was no showing as to whether Avita's possession of the car was legitimate.[2] We agree with the district court that appellant failed to show that his personal Fourth Amendment

interests were implicated by the search of the car.

■ Appellant also contends that the district court failed to make any findings as to whether the initial stop of the vehicle was lawful. Appellant correctly points out that even if he could not challenge the search of the vehicle, he would have "standing" to challenge his detention at the border checkpoint. *Arango*, 912 F.2d at 446 (citing *United States v. Brignoni–Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975) ("Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of arrest.")). The Government argues that appellant waived this issue by failing to raise it at the suppression hearing. We agree. The defendant initially indicated that he would challenge his detention at the checkpoint as well as the search of the car.[3] The Government then raised an objection as to the defendant's standing to challenge the search and the defendant presented his evidence with regard to standing. After hearing detailed arguments from counsel on whether the defendant had standing, the district court stated: "I'm going to rule that this defendant does not have standing to question the search on the following findings." Tr. at 22. The court proceeded to find that there was no evidence as to how Mr. Avita got the vehicle. The record shows that the following discussion then took place:

> [THE COURT]: For that reason, the Court will rule that the defendant does not have standing to quash the search which occurred August 12, 1989.
>
> Anything further in this case at this time?
>
> [MR. WILLIAMS]: No, other than I assume, based on the finding, that the Court is—

2. *See Rakas v. Illinois*, 439 U.S. 128, 143 n. 12, 99 S.Ct. 421, 431 n. 12, 58 L.Ed.2d 387 (1978): "Legitimation of expectations of privacy by law must have a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society."

3. We note that the apparent basis for challenging the checkpoint stop that was raised by the defendant in his written motion—that he was

referred to a secondary checkpoint in the absence of reasonable suspicion—would not by itself constitute a Fourth Amendment violation. *See United States v. Martinez–Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976) (Vehicle may be stopped at a fixed checkpoint for brief questioning even in the absence of reasonable suspicion; the intrusion "is sufficiently minimal that no particularized reason need exist to justify it.")

588

[THE COURT]: I'm denying the motion to suppress based upon the Court's ruling on standing.

[MR. WILLIAMS]: I have nothing else, Your Honor.

[THE COURT]: All right, Mr. Fry?

[MR. FRY]: Nothing other than to note my objection.

[THE COURT]: All right. We'll be in recess in this case. You may be excused.

■ The transcript clearly shows that the district court found that the defendant had no standing to challenge the search of the car. The court then inquired of the parties whether there was anything further that it needed to address. Although the defendant was given an opportunity to raise a challenge to the legality of his detention, he did not do so. Having failed to bring this issue to the attention of the district court at the appropriate time, the defendant may not now complain that the court failed to make findings on the issue. *See United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir.1988) (Issues not raised in the district court will not be considered for the first time on appeal when there is no showing of an impediment to the appellant that precluded his raising the issue); *United States v. Barrett*, 703 F.2d 1076, 1086 n. 17 (9th Cir.1983) (A ground for suppression not raised before the trial court would not be addressed on appeal.) On appeal "we will consider only the specific ground of the evidentiary objection in the trial court, unless the ground not raised 'constitutes plain error resulting in manifest injustice.'" *Orr*, 864 F.2d at 1508. Appellant has shown no plain error here. The circumstances surrounding the stop at the border checkpoint were examined at trial, but appellant did not designate a trial transcript as part of the record. Thus, we cannot conclude that the trial court's refusal to suppress the evidence constituted plain error.

The district court is AFFIRMED.