**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darian LYONS, Defendant–Appellant.**

**No. 92–4056.**

United States Court of Appeals,
Tenth Circuit.

July 23, 1993.

Before EBEL, GODBOLD [†] and KELLY, Circuit Judges.

## ORDER

This matter comes on for consideration of Mr. Lyons' petition for rehearing. The panel majority concludes that the original opinion, 992 F.2d 1029, was correct in all respects and therefore the petition for rehearing is DENIED.

GODBOLD, Senior Circuit Judge,
dissenting in part from denial of petition for rehearing:

I agree with the court's conclusion that the value of software was properly included in calculating Lyons's sentence because his acts relating to software were part of the same course of conduct or common scheme or plan as the offense of conviction for transportation of stolen hardware. Thus Lyons's conviction and sentence must stand.

---

† The Honorable John C. Godbold, Senior United States Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

I would, however, grant in part the petition for rehearing. I do not agree with the alternative holding that the sentence must stand because the indictment actually included a charge of transporting both hardware and software. Lyons moved the court to strike from the indictment references to software. The court granted the motion. Its order does not say or imply that the indictment, as so amended, continued to include a charge of transporting software. Striking software as a type of "goods, wares, or merchandise" charged by the indictment to have been transported was the subject of Lyons's motion and the reason for the hearing on the motion. The motion was not a mere nicety. Lyons contended before the district court, and on this appeal, that a computer program incorporated in software is intangible intellectual property that cannot constitute "goods, wares, merchandise, securities or money" the transportation of which is proscribed under 18 U.S.C. § 2314, the statute of indictment. He contended, therefore, that he could not be convicted for transporting software nor could the value of the software be included in calculating his sentence. This court has rejected that substantive contention. But the point is that Lyons's contention was neither frivolous nor trivial.[1]

This court finds that despite the motion's being granted transportation of software remained as a charge in the indictment. This finding is based upon oral dialogue, drawn from a fragment of the transcript of the hearing on Lyons's motion, which this court construes as an admission or concession by Lyons's counsel that the indictment, as amended, still included a charge of transporting software. Restating, the holding is that after defense counsel had filed a motion to delete software, and the court had granted that motion, defense counsel then agreed that software was included in the indictment anyhow though no longer mentioned; i.e., in short, that the motion, the hearing, and the court's order granting the motion were exercises in futility. The anomaly of this conclusion is apparent.

Moreover, it serves no jurisprudential purpose to record this peculiar conclusion since it is an alternative ground of decision and not necessary to the holding that Lyons's sentence stands.

I would, therefore, grant the motion for rehearing insofar as this court's decision rests upon the theory that software remained within the charge of the indictment because counsel agreed to this result.

---

1. *See U.S. v. Brown*, 925 F.2d 1301 (10th Cir. 1991), and *Dowling v. U.S.*, 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985).