UNITED STATES of America, Plaintiff,

v.

Filiberto VIZCARRA, et al., Defendants.

No. CR 92–804 TUC JMR.

United States District Court,
D. Arizona.

Oct. 25, 1993.

Reese Bostwick, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Fernando Gaxiola, Tucson, AZ, for defendant Gerardo Filiberto Vizcarra–Ruiz aka Gerry.

Greg Kuykendall, Tucson, AZ, for defendant Jose Padilla–Avedano aka Pepe.

Edward Laber, Tucson, AZ, for defendant Gilberto Padilla–Avendano.

Michael Bloom, Tucson, AZ, for defendant Anthony F. Provenzano.

Bruce Heurlin, Tucson, AZ, for defendant Joseph Novelli.

Peter Keller, Tucson, AZ, for defendant Gavino Viramontes.

David Aguilar, Tucson, AZ, for defendant Filiberto Vizcarra.

Steve Sherick, Tucson, AZ, for defendant Charles Bernard Locke.

Joseph Aboduly, Phoenix, AZ, for defendant Larry P. Pagni.

Wm. Rothstein, Nogales, AZ, for defendant Esteven Ruiz.

Chris Kimminau, Tucson, AZ, for defendant James Abney.

Jeffrey Blackman, Tucson, AZ, for defendant Judith A. Abney.

Tom Hartzell, Tucson, AZ, for defendant Thomas Slowick.

Jim Glanville, Tucson, AZ, for defendant Tyrone Olmetti.

Jerry DePalma, Las Vegas, NV, for defendant Ralph Serpico.

### ORDER

ROLL, District Judge.

Pending before the Court are Gerardo Vizcarra–Ruiz and Jose Padilla–Avedano's motions to suppress physical evidence seized by law enforcement agents. Defendants Vizcarra–Ruiz and Padilla–Avedano challenge the legality of the search of a parked vehicle from which law enforcement officers seized a quantity of drugs. Neither defendant was in or near the vehicle at the time of

the search. The government contends that neither defendant has standing to pursue their respective motions.

Defendant Vizcarra–Ruiz argues that he has standing to challenge the legality of the search of the vehicle because the government possesses evidence that he drove the vehicle earlier that day. Defendant Padilla–Avedano contends that he has standing to challenge the legality of the search of the vehicle because the government possesses evidence that he is the registered owner of the vehicle. Neither defendant has submitted any evidence, either through testimony or affidavit, in support of standing.

For the reasons set forth below, the Court finds that both defendants lack standing.

## STANDING

■ A defendant cannot challenge the legality of a search unless his or her Fourth Amendment rights were violated. *United States v. Padilla,* —— U.S. ——, ——, 113 S.Ct. 1936, 1939, 123 L.Ed.2d 635 (1993). In order for a defendant to have standing to challenge a search, that defendant must have "either a property interest protected by the Fourth Amendment that was interfered with ... or a reasonable expectation of privacy that was invaded by the search thereof." *Id.*

■ A defendant has the burden of proving standing. *United States v. Singleton,* 987 F.2d 1444, 1449 (9th Cir.1993). The existence of an expectation of privacy " 'is a threshold standing requirement and analysis cannot proceed further without its establishment.' " *Id.* (quoting *United States v. Cruz–Jiminez,* 894 F.2d 1, 5 (1st Cir.1990)).

## RECENT POSSESSOR

■ Defendant Vizcarra–Ruiz asserts standing based upon government evidence that he had driven the searched vehicle earlier that day. Mere possession of a vehicle, without more, is insufficient to establish a legitimate expectation of privacy in the vehicle. There is no evidence before the Court that the owner of the vehicle had authorized its possession by Vizcarra–Ruiz. *United States v. Arango,* 912 F.2d 441, 445 (10th Cir.1990), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1318, 113 L.Ed.2d 251 (1991). Furthermore, there is no evidence in the record to indicate that Vizcarra–Ruiz had constructive possession of the vehicle at the time the search was conducted. Absent evidence that he possessed a legitimate expectation of privacy in the vehicle at the time of the search, *United States v. Rascon,* 922 F.2d 584, 586–587 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2037, 114 L.Ed.2d 121 (1991), Vizcarra–Ruiz lacks standing to challenge the search.

## REGISTERED OWNER

■ Defendant Padilla–Avedano argues that he has standing because government disclosure indicates that he is the registered owner of the vehicle.

■ The general rule is that the owner of a vehicle has standing to challenge the legality of a search. *United States v. Wanless,* 882 F.2d 1459, 1462 (9th Cir.1989). However, ownership alone is not determinative. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 449 (9th Cir.1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984). Where the owner of a vehicle has turned that vehicle over to someone else, the owner retains an insufficient privacy interest to possess standing to challenge the search of that vehicle. *Id. See also United States v. One 1986 Mercedes Benz,* 846 F.2d 2, 3 (2nd Cir.1988); *United States v. Dall,* 608 F.2d 910, 915 (1st Cir. 1979), *cert. denied,* 445 U.S. 918, 100 S.Ct. 1280, 63 L.Ed.2d 603 (1980) (owner surrendered expectation of privacy when owner loaned vehicle to third person); *United States v. Dyar,* 574 F.2d 1385, 1390 (5th Cir.), *cert. denied,* 439 U.S. 982, 99 S.Ct. 570, 58 L.Ed.2d 653 (1978) (lessees of aircraft abandoned any expectation of privacy when they surrendered possession to a third person).

*United States v. $277,000 U.S. Currency,* 941 F.2d 898 (9th Cir.1991) does not compel a different result. There, the owner retained an expectation of privacy in a vehicle even though the defendant entrusted it to a third person. That owner offered evidence that he had entrusted possession of the keys to the

vehicle to a third party but had withheld consent to operate it.

Because Padilla–Avedano presented no evidence regarding expectation of privacy in the vehicle at the time the search was conducted, he lacks standing.[1]

### CONCLUSION

Neither defendant has proffered sufficient evidence to establish ownership or recent possession. Even accepting defendants' respective proffers, neither defendant has established standing to challenge the search of the vehicle.

IT IS ORDERED that defendants' motions to suppress are DENIED.

---

**1.** Although the Court has considered the proffers of these defendants, a further reason for denying standing is the failure of either defendant to present evidence in support of the respective standing claims. *Singleton, supra.*