**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE GONZALEZ CARDENAS, also
known as Jose Gonzales Cardenas,

     Defendant - Appellant.

No. 01-4011
(D.C. No. 00-CR-53-J)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

     Defendant-Appellant Jose Gonzalez Cardenas appeals from his conviction

of possession of methamphetamine with intent to distribute, 21 U.S.C. § 841(a)(1)

and 18 U.S.C. § 2, for which he was sentenced to 151 months' imprisonment,

followed by a five-year term of supervised release. On appeal, he challenges the

district court's denial of his motion to suppress. Our jurisdiction arises under 28

U.S.C. § 1291 and we affirm, although on different grounds than those relied

upon by the district court in denying the suppression motion.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## Background

On January 20, 2000, Mr. Cardenas was stopped by the Utah Highway Patrol as he drove a Jeep Cherokee along Interstate 70. Troopers impounded the vehicle and cited him for driving with a suspended license, driving without insurance, and driving with a cracked windshield. An inventory search of the vehicle revealed 1.3 pounds of methamphetamine packaged and stowed in the air filter housing.

During the stop, the trooper discovered a registration card that indicated the owner of the vehicle was Ramos Godinez. The trooper then asked Mr. Cardenas why he was in possession of the vehicle. The record is inconsistent as to Mr. Cardenas's response to this question, but the district court ultimately found that a Ramos Gonzales loaned the vehicle to Mr. Cardenas.

In his motion to suppress, Mr. Cardenas claimed the search of the vehicle exceeded the lawful bounds of an inventory search. The government urged the district court to uphold the inventory search based on Mr. Cardenas's lack of standing and on the merits. The district court found that Mr. Cardenas had standing to assert his Fourth Amendment claim, but denied the motion after concluding that the troopers had conducted a legal search.

## Discussion

When we review an order denying a motion to suppress, "we accept the district court's factual findings unless they are clearly erroneous, and we view the evidence in the light most favorable to the district court's determination." United States v. Caro, 248 F.3d 1240, 1243 (10th Cir. 2001). Moreover, credibility determinations, "'and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the trial judge.'" Id. (quoting United States v. Fernandez, 18 F.3d 874, 876 (10th Cir. 1994)). However, we review de novo the trial court's conclusions involved in a suppression hearing. United States v. Rubio-Rivera, 917 F.2d 1271, 1274-1275 (10th Cir. 1990). We review standing de novo.

The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend. IV. Fourth Amendment rights are personal rights and cannot be asserted by a third party. See Rakas v. Illinois, 439 U.S. 128, 140 (1978). In moving to suppress evidence gathered during an illegal search, defendants have the burden of proving that the search violated their individual Fourth Amendment interests. United States v. Rascon, 922 F.2d 584, 586 (10th Cir. 1990). Whether an individual has a cognizable Fourth Amendment right depends upon two factors: whether the individual has exhibited a subjective expectation of privacy and whether society recognizes that subjective expectation

as reasonable.  Id.

Mere possession of an automobile does not automatically satisfy this two-pronged test or guarantee standing for the possessor to contest a search of that vehicle.  See United States v. Arango, 912 F.2d 441, 445 (10th Cir. 1990).  In Arango, the defendant received possession from an individual named Gonzalez.  The defense offered no evidence about how Gonzalez came to possess the vehicle, or about any link between Gonzalez and the actual owner.  Id.  Consequently the court concluded that the defendant failed to meet the burden of proving that he had a reasonable expectation of privacy in the vehicle searched.  Id.

When the defendant offers "sufficient evidence indicating that he has permission of the owner to use the vehicle, the defendant plainly has a reasonable expectation of privacy in the vehicle and standing to challenge the search of the vehicle."  Rubio-Rivera, 917 F.2d at 1275.  Offering "sufficient evidence" does not require that a defendant must present formal, documented proof of ownership or legitimate possession in order to have standing.  Arango, 912 F.2d at 445.  However, a defendant must,  "at least state that he gained possession from the owner or someone with the authority to grant possession."  Id.

In reviewing the denial of Mr. Cardenas's motion to suppress, we may consider the evidence introduced at the hearing on the motion to suppress as well as the evidence later presented at trial, even though such may not have been

presented at the pretrial suppression hearing.  Carroll v. United States, 267 U.S. 132, 162 (1925); United States v. Smith, 527 F.2d 692, 694 (10th Cir. 1975).

The only evidence of ownership of the Jeep Cherokee presented during the suppression hearing and the trial was a valid registration card in the name of *Hector Ramos Godinez,* which had been inside the vehicle, II R.S., Pl. Ex. 3, and the testimony of Trooper Roberts that a roadside check confirmed Mr. Godinez as the registered owner.  II R.S. at 20.

During the stop, Trooper Roberts questioned Mr. Cardenas about his possession of the vehicle.  The record shows three different accounts of Mr. Cardenas's answer.  During the suppression hearing, Trooper Roberts testified that Mr. Cardenas had said that *Ramos Gonzalez* lent him the vehicle.  II R. S. at 12.  This is the answer that Trooper Roberts recorded in his notes of the incident. I R. S. at 44.  At trial, however, Trooper Roberts stated that Mr. Cardenas told him that he had borrowed the vehicle from a friend named *Hector Ramos*.  I R. S. at 43.  When defense counsel pressed Trooper Roberts about the discrepancy between his testimony and his notes, Trooper Roberts admitted that he could not recall precisely what name Mr. Cardenas had given him.  Id. at 44-45.  In summary, Trooper Roberts's notes and various statements conflict and really do not satisfy Mr. Cardenas's initial burden (for standing) to explain how he came to possess the Jeep Cherokee.

Further complicating the picture, Mr. Cardenas testified at trial and stated that he borrowed the Jeep from his friend *Jesus Ramos*. There is no evidence that *Jesus Ramos* is *Hector Ramos Godinez,* the name appearing on the car's registration. To the contrary, Mr. Cardenas testified "I understood [Jesus Ramos] was the owner because I asked him to let me borrow [the Jeep Cherokee] and he let me borrow it." I R. S. at 105. Though the test for a reasonable expectation of privacy contains a subjective element, we have held that a possessor of a vehicle who has a subjective belief in the authority of another to lend a vehicle to that person, without evidence that such authority in fact existed, has not met the burden required to establish Fourth Amendment standing to contest a search of the vehicle. See United States v. Martinez, 983 F.2d 968, 973 (10th Cir. 1992).

Mr. Cardenas did not offer "sufficient evidence indicating that he has permission of the owner...to use the vehicle." Rubio-Rivera, 917 F.2d at 1275. The district court found that Ramos Gonzalez had lent the vehicle to Mr. Cardenas, and indeed, Mr. Cardenas testified he did not know the individual identified as the vehicle's owner on the registration certificate. I R.S. at 105. Among the varying accounts of the roadside exchange between Roberts and Cardenas, Robert's notes, and Mr. Cardenas's own testimony, not a single version links Mr. Cardenas either directly or indirectly to the actual owner of the Cherokee, be that Mr. Godinez or someone else. Mr. Cardenas failed to show

evidence either that the owner loaned him the Jeep, or that a linkage existed between the person who lent the Jeep and the owner. See United States v. Betancur, 24 F.3d 73, 76 (10th Cir. 1994) (no standing to challenge search of a truck where defendant testified that one person lent the truck, but the name on the registration papers indicated a different name and no linkage between registered lender and owner was shown). Because Mr. Cardenas failed to "at least state that he gained possession from the owner or someone with the authority to grant possession," he failed to meet his burden of proving that he had a reasonable expectation of privacy in the vehicle searched. Arango, 912 F.2d at 445.

Mr. Cardenas also testified that he had borrowed the Jeep Cherokee on at least one prior occasion, and that one week before his arrest, he had paid for repairs to the vehicle. I. R. S. at 85. He also stated that on a previous trip to Colorado, an acquaintance recognized the Jeep as belonging to "Ramos." Id. at 106-07. This evidence does not provide the needed link between Mr. Cardenas and the owner of the vehicle. Prior possession, paying for repairs and the recognition of the vehicle by a third party do not, in and of themselves, establish lawful possession of the vehicle. Mr. Cardenas's argument does little more than establish possession of the vehicle and "[m]ere possession of the vehicle and the keys are not sufficient to confer standing." Martinez, 983 F.2d at 973.

Because we find that Mr. Cardenas lacked standing to challenge the search,

we do not reach the issue of whether the search comported with the requirements of the Fourth Amendment.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge