CASANUEVA, Judge,
Specially concurring.
I fully concur in the majority opinion. I write only to remind counsel that to present a legal challenge to the constitutionality of a search, a defendant must establish a reasonable expectation of privacy in the item searched. To meet this burden of proof, the defendant may be called upon to testify.
“The United States Supreme Court has held that Fourth Amendment rights are personal and a defendant has the burden to establish that his own Fourth Amendment rights have been infringed.” Hicks v. State, 929 So.2d 13, 16 (Fla. 2d DCA 2006) (citing Raleas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)). A defendant must establish a privacy expectation in not only the place searched but also the item seized. United States v. Mancini, 8 F.3d 104, 107 (1st Cir.1993). In most instances, to comply with this legal standard, it will be necessary for the defendant to testify.
To establish what has been traditionally referred to as “standing,” Mr. Henderson had to demonstrate that he personally had an expectation of privacy in the iPad and that this expectation was reasonable. See State v. Washington, 884 So.2d 97, 98 (Fla. 2d DCA 2004). As the movant, the burden of proof remained with Mr. Henderson. See United States v. Lyons, 992 F.2d 1029, 1031 (10th Cir.1993) (“Because Fourth Amendment rights are personal, Mr. Lyons, as the proponent of the motion to suppress, had the burden of proving that his own Fourth Amendment rights were violated by the search in question.”); Hendley v. State, 58 So.3d 296, 299 (Fla. 2d DCA 2011) (“ ‘The law is clear that for a defendant to have standing to challenge a search, he or she must show a proprietary or possessory interest in the area of search or that there are other factors which create an expectation of privacy which society is willing to recognize as reasonable.’ ” (quoting State v. Singleton, 595 So.2d 44, 45 (Fla.1992))).
Here, the record discloses that scant evidence was brought forth to meet this burden of proof. The evidence consisted of a law enforcement officer’s unobjected to hearsay testimony that Mr. Henderson had told him that the iPad belonged to him. As Mr. Henderson did not testify, no other proof was adduced to support his reasonable expectation of privacy in the iPad.
The present case is similar to Hicks. Hicks’s car was stopped by a deputy and Hicks gave his consent to search the car. 929 So.2d at 15. During the search, a briefcase containing a .computer was found in the backseat. Id. A deputy turned on the computer and looked through the computer’s files in an attempt to locate the owner of the computer. Id. On appeal, Hicks argued that the search of the computer, which turned out to be stolen, exceeded the scope of his consent to search the car. Id.
This court noted that “[a] search violates a defendant’s Fourth Amendment rights only if (1) a defendant demonstrates that he or she had an actual, subjective expectation of privacy in the property searched and (2) a defendant establishes that society would recognize that subjective expectation as objectively reasonable.” Id. at 16; see Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001). This court held that Hicks failed to carry his burden to establish that he had a reasonable expectation of privacy in the computer where he never introduced any evi *1097 dence at the suppression hearing. Hicks, 929 So.2d at 19. Similar to Mr. Henderson’s case, a deputy testified that Hicks told him at the scene of the traffic stop that his uncle gave him the computer, but Hicks failed to introduce any evidence at the hearing relating to his ownership, such as whether he had any programs on the computer or how long he had used the computer. Id.
This court held that where there was only testimony from the officers at the suppression hearing, “Hicks failed to demonstrate an actual, subjective expectation of privacy in the computer.” Id. This court further noted that even if Hicks had met this burden, in order to challenge the search of the computer, “he would still have to establish that society would have accepted such an expectation as reasonable — an unlikely scenario.” M[4]
In addition to ownership, the following factors are relevant in determining whether a defendant has a reasonable expectation of privacy in an item: “‘possession and/or control; historical use of the property searched or the thing seized; ability to regulate access; [and] the totality of the surrounding circumstances....’” Mancini, 8 F.3d at 109 (quoting United States v. Sanchez, 943 F.2d 110, 113 (1st Cir.1991)).
Here, Mr. Henderson did not present a scintilla of evidence that he possessed or controlled the iPad on the day in question, much less that he had the authority or power to exclude other persons from using the iPad. See Lyons, 992 F.2d at 1031 (noting that “expectations of privacy derive in part from the right to exclude others from the property in question, lawful possession is an important consideration in determining whether a defendant had a legitimate expectation of privacy in the area searched, i.e. the hard disks”); see also Rawlings v. Kentucky, 448 U.S. 98, 104-05, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) (holding that petitioner did not meet his burden to establish that he had a legitimate expectation of privacy in his girlfriend’s purse and therefore could not successfully move to suppress drugs found in the purse). Further, there was no evidence concerning the frequency, extent, or purpose of Mr. Henderson’s historical use of the iPad.[5]
Because this is an issue that is likely to be regularly presented to our trial courts, I urge counsel to insure that sufficient evidence is brought forth to establish the requisite burden of proof.

. Further, there was evidence that Mr. Henderson was not the owner, as Ms. Brown told both Officer Bilbr'ey and Detective Pillu-cere that she was the person who purchased the iPad. Based on Ms. Brown’s statements to law enforcement, the trial court specifically found that Ms. Brown "was the one that had paid for it.”

. It was not the State’s burden to bring forth evidence showing the extent of Mr. Henderson’s use of or ability to control access to the iPad. See United States v. Freitas, 716 F.2d 1216, 1220 n. 2 (9th Cir.1983) ("Where a defendant fails to meet this burden in the suppression hearing, he cannot prevail on appeal even though the Government also did not establish the contrary, unless, of course, the record on appeal independently demonstrates the requisite standing.”).