**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dimitri R. RIGGINS, Defendant–**
**Appellant.**

**No. 93–3215.**

United States Court of Appeals,
Tenth Circuit.

Feb. 4, 1994.

---

John J. Ambrosio of John J. Ambrosio, Chartered, Topeka, Kansas, for defendant-appellant.

Randall K. Rathbun, United States Attorney, and Gregory G. Hough, Assistant United States Attorney, Topeka, Kansas, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.

SEYMOUR, Chief Judge.

Dimitri R. Riggins appeals her conviction for conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846. The jury acquitted Ms. Riggins of an additional charge of possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Ms. Riggins argues that the court erred in failing to suppress evidence and statements made during the stop of the vehicle in which she was a passenger, and that the evidence is not sufficient to support her conviction for conspiracy. Because we conclude that the evidence is insufficient to support Ms. Riggins' conviction, we need not decide whether any evidence should have been suppressed.[1]

I.

On July 3, 1992, Ms. Riggins was traveling by van from her home in California to Kansas City with her mother, Earnestine L. Basey, her sister, Sherron K. Ballard, and Ms. Ballard's 2½ year old daughter. Kansas Highway Patrol Trooper Brian K. Smith observed the vehicle, which matched a description he had received in a bulletin about a van believed to be transporting cocaine from Los Angeles to Kansas City. Trooper Smith stopped the van for going 71 m.p.h. in a 65 m.p.h. zone, and because he observed a small child not properly restrained.

Trooper Smith asked the driver, Ms. Ballard, for her driver's license, and asked her questions about her travel plans. She told him that she and her passengers were traveling to Kansas City, Missouri, to visit her father. While the trooper was talking with Ms. Ballard, Kansas Highway Patrol Trooper John M. Jones arrived and began questioning Ms. Basey, who was sitting in the front seat of the van. Both troopers noticed that the two women seemed nervous, and their stories differed slightly. After further questioning, Ms. Basey, the owner of the van, gave Trooper Smith consent to search it. He then

---

1. The parties have waived oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted on the briefs.

asked all of the occupants, including Ms. Riggins who was sitting in the back with the child, to exit the van.

Upon searching the van, Trooper Smith discovered a cooler, hanging clothes, and several pieces of luggage. In a duffle bag, he felt a brick-like object which he suspected was cocaine. He asked whose bag it was and Ms. Basey claimed ownership. The bag's tag, however, had Ms. Ballard's name on it. He then opened the bag and found six kilogram bricks of cocaine. He placed the three adults under arrest and advised them individually of their *Miranda* rights. In a subsequent search of the van, fourteen additional bricks of cocaine were found in a blue suitcase.

## II.

■ Ms. Riggins claims that the evidence was insufficient to support her conviction for conspiracy to possess cocaine with intent to distribute. We agree. When reviewing a claim of insufficient evidence, we must view all of the direct and circumstantial evidence, as well as all of the reasonable inferences that may be drawn from it, in the light most favorable to the government. *United States v. Richard,* 969 F.2d 849, 856 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 248, 121 L.Ed.2d 181 (1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1009, 122 L.Ed.2d 157 (1993). We will sustain the verdict if "a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Hooks,* 780 F.2d 1526, 1531 (10th Cir.), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986).

■ In order to have sufficient evidence for a conspiracy conviction,

the government must show that there was an agreement to violate the law, that the defendant knew the essential objectives of the conspiracy, that the defendant knowingly and voluntarily took part in the conspiracy, and that the coconspirators were interdependent.

*United States v. Anderson,* 981 F.2d 1560, 1563 (10th Cir.1992). In the instant case, the government had to prove by clear and unequivocal evidence that Ms. Riggins knew the object of the conspiracy was the distribution of cocaine, and that she agreed to cooperate in achieving that objective. *Id.* at 1564. A defendant's "presence at the crime scene is a material and probative factor which the jury may consider," but it is not "sufficient in and of itself" to support an inference of participation in the conspiracy. *United States v. Savaiano,* 843 F.2d 1280, 1294 (10th Cir. 1988). Just as "mere proximity to illegal drugs, mere presence on the property where they are located, or mere association with persons who do control them, without more, is insufficient to support a finding of possession," *United States v. Espinosa,* 771 F.2d 1382, 1397 (10th Cir.), *cert. denied,* 474 U.S. 1023, 106 S.Ct. 579, 88 L.Ed.2d 561 (1985), "evidence of mere presence at the scene of the crime or association with co-defendants is not enough to support a conspiracy conviction." *Id.* at 1392. "[W]e cannot sustain a conspiracy conviction if the evidence does no more than create a suspicion of guilt or amounts to a conviction resulting from piling inference on top of inference." *United States v. Horn,* 946 F.2d 738, 741 (10th Cir. 1991); *see also Anderson,* 981 F.2d at 1564–65.

■ Upon review of the record, we find a striking lack of evidence against Ms. Riggins. To prove its case against Ms. Riggins, the government merely showed that she was in the van when Trooper Smith found the drugs, and that in the years prior to her arrest she had received some funds and an automobile from her mother who had previously been arrested for drug activity. Viewing this evidence in the light most favorable to the government, a reasonable jury could infer that Ms. Riggins knew her mother and sister were involved in drug activity. Even if the jury inferred that Ms. Riggins knew her mother and sister were hiding drugs in the van, that evidence is not sufficient to establish that Ms. Riggins knowingly and voluntarily became part of the conspiracy. *See Anderson,* 981 F.2d at 1564.

Ms. Riggins' conviction for conspiracy is REVERSED. The mandate shall issue forthwith.