UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo **MERAZ–PERU**, Defendant–
Appellant.

No. 93–2230.

United States Court of Appeals,
Tenth Circuit.

May 11, 1994.

**1198**

Stephanie B. Boyer, Asst. Federal Public Defender, and Michael G. Katz, Federal Public Defender, Denver, CO, for defendant-appellant.

Kelly H. Burnham, Asst. U.S. Atty., and John J. Kelly, U.S. Atty., Las Cruces, NM, for plaintiff-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Mr. Meraz–Peru appeals the district court's failure to suppress the evidence resulting in his conviction of possession with intent to distribute less than fifty kilograms of marijuana, 21 U.S.C. § 841(a)(1) & 841(b)(1)(D). He was sentenced to twenty-one months imprisonment. On appeal, he argues that the marijuana was inadmissible because he was stopped without reasonable suspicion, and that trial counsel's failure to file a motion to suppress deprived him of effective assistance of counsel under the Sixth Amendment. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

### Background

Briefly, Mr. Meraz–Peru was stopped at approximately 1:00 a.m., on New Mexico highway 26 by border patrol agents. The agents had received a report of a Ford truck "scouting" or avoiding the Truth or Consequences border checkpoint. According to the testimony, the agents suspected that the vehicle might be headed toward Hatch. While in Hatch, they observed Mr. Meraz–Peru's Ford truck, with a temporary license, proceeding away from Hatch, via highway 185 to highway 26. According to the testimony, smugglers frequently use vehicles with temporary tags so as to avoid connections with the vehicle. Given the circumstances, an agent determined that Mr. Meraz–Peru probably sought to circumvent the checkpoint, unless he worked at the nearby dairy. When he did not turn into the dairy, he was stopped and his identification and vehicle papers were examined. After the documents were inspected and returned, Mr. Meraz–Peru gave permission for an inspection of the truck by a drug-sniffing dog, Merlin. Merlin alerted. The truck was searched revealing bricks of marijuana above the glove compartment.

### Discussion

A motion to suppress evidence must be raised prior to trial; the failure to so move constitutes a waiver, unless the district court, in its discretion, grants relief from the waiver for cause shown. Fed.R.Crim.P. 12(b)(3) & (f); *United States v. Hamm*, 786 F.2d 804, 806–07 (7th Cir.1986). We have held that this waiver provision encompasses not only the failure to make the motion, but also the failure to raise a particular ground in the motion. *United States v. Dewitt*, 946 F.2d 1497, 1502 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1233, 117 L.Ed.2d 467 (1992); *United States v. Rascon*, 922 F.2d 584, 588 (10th Cir.1990), *cert. denied*, 500 U.S. 926, 111 S.Ct. 2037, 114 L.Ed.2d 121 (1991). Notwithstanding Rule 12's waiver provision, our cases have gone on to find the absence of plain error under Fed.R.Crim.P. 52(b). *Dewitt*, 946 F.2d at 1502; *Rascon*, 922 F.2d at 588; *United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir.1998). A reliable appellate determination concerning the issues inherent in the stop of Mr. Meraz–Peru, his subsequent investigative detention, and finally his consent to search is not possible in the absence of factual findings. *See United States v. Nunez*, 19 F.3d 719, 723 n. 10 (1st Cir.1994). On this record, it is not obvious or clear that the stop, investigative detention or subsequent consent violated the Fourth Amendment because the facts are hardly unanimous that the encounter was unconstitutional. *See United States v. Olano*, —— U.S. ——, ——, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (plain error); *Nunez*, 19 F.3d at 723 n. 10. Stated another way, "[w]here the error defendant asserts on appeal depends upon a factual finding the defendant neglected to ask the district court to make, the error cannot be 'clear' or 'obvious' unless the desired factual finding is the only one rationally supported by the record below." *United States v. Olivier–Diaz*, 13 F.3d 1, 5 (1st Cir.1993).

As for the ineffective assistance of counsel claim, we leave that for postconvic-

tion proceedings. *See United States v. Sanchez–Valderuten,* 11 F.3d 985, 991 (10th Cir. 1993); *United States v. Dixon,* 1 F.3d 1080 (10th Cir.1993).

AFFIRMED.