28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Linda Gail FINNEY, Defendant-Appellant.
 No. 93-5190.
 United States Court of Appeals, Tenth Circuit.
 June 16, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Defendant-appellant Linda Finney appeals from her convictions of conspiracy to (a) possess with the intent to distribute cocaine and marijuana, and (b) distribute cocaine and marijuana, 21 U.S.C. 841(a)(1), 846 [Count I]; possession with intent to distribute cocaine, 21 U.S.C. 841(a)(1); 18 U.S.C. 2 [Count III]; possession with intent to distribute marijuana, 21 U.S.C. 841(a)(1), 18 U.S.C. 2, [Counts IV & XIII]; possessing or using a firearm in the commission of a drug trafficking offense, 18 U.S.C. 924(c)(1), 2 [Count V]; possession of a firearm by a convicted felon; 18 U.S.C. 922(g)(1), 924(a)(2) [Counts VII & XVI]; distribution of cocaine, 21 U.S.C. 841(a)(1), 18 U.S.C. 2 [Count VIII]; use of a telephone to facilitate a drug transaction, 21 U.S.C. 843(b) [Count IX]; employment of a minor in a drug transaction, 21 U.S.C. 861(a)(1) [Count X]. She was sentenced to concurrent terms of imprisonment, the longest of which was 210 months, with a mandatory five-year consecutive sentence of imprisonment on the 18 U.S.C. 924(c)(1) count. We have jurisdiction under 28 U.S.C. 1291 and we affirm in part and reverse in part.
 
 
 2
 On appeal, Ms. Finney argues that the searches of her residence violated federal and Oklahoma law, and challenges the sufficiency of the evidence on the conspiracy count [Count I], two of the firearms counts (felon in possession of a firearm, and use of a firearm during a drug trafficking offense) [Counts V & VII], and the two substantive counts charging possession with intent to distribute cocaine and marijuana [Counts III & IV]. She also argues that double jeopardy principles render her conviction for distribution of cocaine [Count VIII] or, alternatively conspiracy to distribute cocaine and marijuana [Count I], incompatible with her conviction for use of a minor to distribute cocaine [Count X].
 
 Background
 
 3
 Based upon information from two informants, Tulsa police originated a "controlled buy" of marijuana at Defendant's residence on December 15, 1992. A few days later, the officers executed a state search warrant at the residence and recovered $7,500 in cash, three scales, a Llama .45-caliber loaded pistol between the mattresses in a bedroom, 320 grams of cocaine packaged in one-ounce bags, and two one-ounce bags of marijuana. Defendant and her companion and codefendant, Javier Gonzalez, were arrested on state charges.
 
 
 4
 While out on bond, an informant telephoned Ms. Finney to purchase a half-pound of cocaine. The informant accompanied Defendant to a parking lot where Melissa Noe, Defendant's daughter, was waiting reportedly with marijuana. The informant indicated that there had been a mix-up and pressed for cocaine, not marijuana. Sometime later, the informant again accompanied Defendant to a parking lot where the daughter met them and provided the informant with 29 grams of cocaine. Defendant and her daughter were arrested.
 
 
 5
 Tulsa police observed Defendant and her daughter leave the residence, return, and leave again prior to their arrest. After their arrest, the police waited until Javier Gonzalez departed the residence. Gonzalez was arrested on outstanding warrants, and pursuant to an inventory search of his vehicle, two guns and a gram of cocaine were discovered. The police executed another search warrant at the residence, finding scales, $4,095 in cash, a Davis .38-caliber semiautomatic handgun and two pounds of marijuana. The latter two items were buried in a shed in the backyard. Although state charges were filed, prior to a preliminary hearing, Ms. Finney and Mr. Gonzalez were indicted on federal charges and tried jointly. Mr. Gonzalez has not appealed the resulting federal convictions.
 
 Discussion
 I. Search and Seizure
 
 6
 Ms. Finney challenges the searches of her residence. Regarding the first search (December 18, 1992), Ms. Finney argues that the warrant was obtained improperly because it was based, at least in part, upon a controlled buy in which the police recruited a minor and private citizen to purchase the drugs, rather than a police officer pursuant to his special powers. She relies upon State v. Stuart, 855 P.2d 1070 (Okla.Crim.App.1993) which held that an affidavit for a search warrant was fatally defective when the evidence supporting it was based upon officers exercising power outside their territorial jurisdiction. Id. at 1074. The officers had utilized a private citizen to make a controlled buy, and the Oklahoma court disapproved of this practice reasoning that only law enforcement officers were granted such power under Oklahoma law. Id. at 1073. Ms. Finney further argues that the grounds offered in the affidavit to support a "no knock" search warrant issued pursuant to Okla. Stat. Ann. tit. 22, 1228 (West Cum.Supp.1994), are inadequate. Finally, Ms. Finney argues that even if state law is ignored in this situation, the federal "knock and announce" requirement, 18 U.S.C. 3109, was violated. This argument is similar to that made, but not decided, in United States v. Finney, 897 F.2d 1047 (10th Cir.1990).
 
 
 7
 As to the second search (January 22, 1993), Ms. Finney argues that the search warrant was executed after 10 p.m. and before 6 a.m. in violation of Okla. Stat. Ann. tit., 22, 1230 (West Cum. Supp.1994), because there was no information that contraband existed in the place to be searched, and furthermore, probable cause was lacking.
 
 
 8
 Fed.R.Crim.P. 12(b)(3) requires that a motion to suppress be made prior to trial, and the failure to do so normally constitutes a waiver. Fed.R.Crim.P. 12(f). Ms. Finney, however, requests that we review for fundamental error. We recently noted that despite the waiver provision, our cases have made such a review. See United States v. Meraz-Peru, No. 93-2230, 1994 WL 176886, * 1 (10th Cir. May 11, 1994). Plain error must be obvious or clear from the record, and it is quite difficult to establish in the absence of evidence which points to but one reasonable conclusion. See id. In this case, it is well to remember that federal law governs, so the standard is one of reasonableness under the Fourth Amendment. See United States v. Moland, 996 F.2d 259, 260-61 (10th Cir.1993), cert. denied, 114 S.Ct. 722 (1994); United States v. Morehead, 959 F.2d 1489, 1497-98 (10th Cir.), on reh'g on other grounds, 971 F.2d 1461 (10th Cir.1992); United States v. Mitchell, 783 F.2d 971, 977 (10th Cir.), cert. denied, 479 U.S. 860 (1986); United States v. Gibbons, 607 F.2d 1320, 1325-28 (10th Cir.1979). On this record, we find no plain error. Although Ms. Finney urges us to review the Fourth Amendment issues as a violation of her Sixth Amendment right to counsel, we leave that for postconviction proceedings. See Meraz-Peru, 1994 WL 176886, * 2; Mitchell, 783 F.2d at 978.
 
 II. Sufficiency of the Evidence
 
 9
 We view the evidence and its inferences in the light most favorable to the government in deciding whether any rational trier of fact could find the Defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 A. Conspiracy
 
 10
 For the conspiracy conviction, the government was required to prove an agreement to violate the law, Defendant's knowledge of the essential objectives of the conspiracy, Defendant's knowing and voluntary participation in the conspiracy, and an interdependence among the coconspirators. United States v. Riggins, 15 F.3d 992, 994 (10th Cir.1994). Ms. Finney argues that the government failed to prove that the named parties to the conspiracy, Ms. Finney and codefendant Javier Gonzalez, knew of the activities of one another, but admits that if there was a conspiracy proved, it was between Ms. Finney and her daughter. As discussed below, Ms. Finney contends that the conspiracy count insofar as based on the activities of her daughter, is inconsistent with her conviction for use of a minor to distribute cocaine due to double jeopardy principles.
 
 
 11
 The government contends that evidence of a conspiracy between Ms. Finney and Mr. Gonzalez was overwhelming based on the following: (1) Mr. Gonzalez was present in the residence when the first search warrant was executed (some two days after the first controlled buy), together with the person who purchased marijuana, (2) officers found drugs, money and a gun during the first search, including a small quantity of cocaine and $640 in cash on Mr. Gonzalez's person, (3) Mr. Gonzalez left the house after Ms. Finney and her daughter did not return, and was himself arrested, while the search of his car revealed a gun and a small quantity of cocaine. At trial, the government argued that the recovery of items associated with drug dealing in the house, and in particular, the bedroom apparently shared by Ms. Finney and Mr. Gonzalez, suggested interdependence. VII R. 328-31. The government also argued that Mr. Gonzalez was attempting to look for Ms. Finney and her daughter when he left the residence with the daughter's child, claiming to be taking the child to the hospital.
 
 
 12
 Although the government proved that Mr. Gonzalez unlawfully possessed cocaine, we agree with Ms. Finney that the government did not establish that codefendant Javier Gonzalez was part of the conspiracy described in Count I. In this regard, we note that the district court granted a motion for judgment of acquittal on Count II of the superseding indictment which charged Mr. Gonzalez with distribution of marijuana on December 16, 1992, because the government failed in its proof. VI R. 288. To be sure, the government established Mr. Gonzalez's presence at the house, that he carried a small quantity of cocaine on his person, and that he also carried $640 cash and a firearm in his car. But this does not suffice to establish that Mr. Gonzalez knowingly and voluntarily agreed with Ms. Finney to (1) to possess with intent to distribute or (2) to distribute cocaine and marijuana. See United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir.1988). Although the government claims that the conspiracy in this case is just like that sustained in United States v. Coyote, 963 F.2d at 1328, 1330-31 (10th Cir.1992), what is missing from this record is any proof of knowing participation in the conspiracy alleged in Count I of the superseding indictment by Mr. Gonzalez. We cannot sustain a finding of conspiracy based upon mere presence in the residence or association with Ms. Finney. See Riggins, 15 F.3d at 994. Likewise, participation in illegal activity other than that described in the conspiracy charged, United States v. Anderson, 981 F.2d 1560, 1563-64 (10th Cir.1992), or speculation and conjecture which does no more than raise a suspicion of guilt is not sufficient. See United States v. Horn, 946 F.2d 738, 741 (10th Cir.1991). In the latter category is the government's assertion that Mr. Gonzalez was attempting to look for and assist Ms. Finney when he left the residence prior to his arrest.
 
 
 13
 Having said that, however, we proceed to the government's additional theory, a conspiracy between Ms. Finney and her daughter. The superseding indictment, in addition to naming Ms. Finney and Mr. Gonzalez, charged a conspiracy "with others both unknown and known." I R. doc. 16 at 1-2. We think that the testimony concerning the rendezvous between Ms. Finney and her daughter in order to deliver marijuana, and then cocaine, to the informant provides ample proof of a conspiracy as set out in the indictment, independent of Mr. Gonzalez's role. See United States v. Sasser, 974 F.2d 1544, 1560 (10th Cir.1992), cert. denied, 113 S.Ct. 1063 (1993). The conspiracy conviction must be sustained on this ample proof.
 
 B. Firearms Offenses
 
 14
 Ms. Finney next contends that the gun found under the mattress (upper right corner) in the master bedroom of the residence is insufficient to sustain convictions for being a felon in possession of a firearm, and use of a firearm during or in relation to a drug trafficking offense, as charged in counts V and VII, respectively. Under 922(g), possession of a firearm can be actual or constructive; constructive possession exists when a defendant knowingly has the power to exercise dominion and control over the firearm and performs an act by which that power is manifested and implemented. United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir.), cert. denied, 491 U.S. 909 (1989). Under 924(c)(1), the firearm "must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Smith v. United States, 113 S.Ct. 2050, 2059 (1993).
 
 
 15
 Defendant admits that the gun was present in the master bedroom, where her purse containing $1,000 also was located, but argues that the evidence is insufficient to prove that she possessed the firearm or used it in connection with any type of crime. Also found in the bedroom in various locations was some $7,500 in cash. V R. 144-151. Given the substantial quantities of drugs discovered elsewhere in the house, together with cash drug proceeds, we have no difficulty in concluding that a rational trier of fact could determine that the firearm was used "during and in relation to" a drug trafficking crime, i.e., protection of the entire drug operation, notwithstanding that it was under the mattress. For cases upholding 924(c)(1) convictions based upon guns under mattresses, see United States v. Johnson, 12 F.3d 827, 833 (8th Cir.), cert denied, No. 93-8638, 1994 WL 123075 (May 16, 1994); United States v. Lloyd, 10 F.3d 1197, 1211-13 (6th Cir.1993), cert. denied, 114 S.Ct. 1569, petition for cert. filed, No. 93-8858 (April 11, 1994); United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992); United States v. Featherston, 949 F.2d 770, 776 (5th Cir.1991), cert. denied, 112 S.Ct. 1698, 1771 & 113 S.Ct. 361 (1992); United States v. Paz, 927 F.2d 176, 178-79 (4th Cir.1991); United States v. Beverly, 921 F.2d 559, 562-63 (5th Cir.), cert. denied, 111 S.Ct. 2869 (1991); United States v. Torres, 901 F.2d 205, 217-18 (2d Cir.), cert. denied, 498 U.S. 906 (1990). While mere joint occupancy of a bedroom would be insufficient to show knowing constructive possession of the firearm, see United States v. Sullivan, 919 F.2d 1403, 1431 (10th Cir.1990), the evidence here established that Ms. Finney rented the house, occupied the bedroom, and used the house as a base of operations for drug trafficking. Viewed in this context, the evidence is sufficient to establish knowing constructive possession of the firearm. See United States v. Wright, 932 F.2d 868, 881 (10th Cir.), cert. denied, 112 S.Ct. 428, 450 (1991); United States v. Miles, 772 F.2d 613, 615 (10th Cir.1985).
 
 
 16
 The district court granted a motion for judgment of acquittal on Count XIV, which charged an 18 U.S.C. 924(c)(1) violation for use of a firearm in connection with a drug trafficking crime based upon .38 caliber handgun buried in the ground (in a shed) some one-hundred feet away from the residence. In so ruling, the district court rejected the government's claim that the buried gun was analogous to a gun in a locked glove compartment and that the Defendants had ready access to the firearm because it was buried near the marijuana. VI R. 291-93. We agree.
 
 
 17
 Our review of the record, however, reveals that the felon in possession of a firearm conviction based upon the same buried handgun, Count XVI of the superseding indictment, is not supported by sufficient evidence. This issue was not raised, and normally we do not consider unraised issues because to do so routinely would detract from an adversarial system where the parties decide what to present below and on appeal, based upon expected careful preparation. However, on rare occasions when the error is obvious and substantial, we will notice plain error. Fed.R.Crim.P. 52(b); United States v. Brown, 995 F.2d 1493, 1504 (10th Cir.1993). We do so here because, viewing the evidence in the light most favorable to the government, the evidence does not establish an adequate connection between Ms. Finney and the firearm; no evidence supports the inference that Ms. Finney was aware of the firearm buried in the ground one-hundred feet from the jointly-occupied residence. See Sullivan, 919 F.2d at 1431. The conviction on this count must therefore be reversed.
 
 
 18
 C. Possession of Cocaine with Intent to Distribute
 
 
 19
 Possession of Marijuana with Intent to Distribute
 
 
 20
 Ms. Finney next contends that the evidence was insufficient to support her convictions for possession of cocaine and marijuana with intent to distribute on December 18, 1992 (Counts III & IV). While acknowledging the drugs found in her residence and garage pursuant to the first search, Ms. Finney argues that others may have been responsible for them. Mr. Gonzalez was the target of the search warrant, he had cocaine on his person when the warrant was executed and, according to Ms. Finney, the government failed to prove her knowledge of the drugs. Although $100 was found in her purse from the controlled marijuana buy on December 16, she points out that it is just as plausible that Mr. Gonzalez gave her that money.
 
 
 21
 The marijuana and cocaine were found in the residence which Ms. Finney leased and insured. V R. 166-67. She lived there. The tools of the narcotics trade, such as scales, large amounts of cash, firearms, and dealer-size amounts of drugs, were hardly well-hidden. According to an informant in a later transaction, Ms. Finney acknowledged the trouble she was already in concerning previous cocaine and drugs. VI R. 214. Essentially, Ms. Finney argues that only circumstantial evidence consistent with a reasonable hypothesis of innocence supports these convictions. The test for sufficiency, however, is not one of excluding every reasonable hypothesis except guilt. See United States v. Hooks, 780 F.2d 1526, 1530 (10th Cir.), cert. denied, 475 U.S. 1128 (1986). On a sufficiency review, we cannot ignore the synergistic nature of the evidence which must be viewed as a whole. So viewed, we are satisfied that the government proved its case.
 
 III. Double Jeopardy
 
 22
 Ms. Finney argues that Constitutional protection against double jeopardy precludes her conviction for conspiracy to distribute cocaine (Count I), distribution of cocaine (Count VIII) and using her daughter to distribute cocaine (Count X), to the extent that all of these crimes involved the same conduct, namely use of her daughter to deliver cocaine. The government correctly points out that the argument is one of multiplicity, and that we will conduct a limited review even in the absence of a proper pretrial motion. See Morehead, 959 F.2d at 1505.
 
 
 23
 The counts are not multiplicitous. The conspiracy statute, 21 U.S.C. 846, punishes the agreement, while either offense provision, 21 U.S.C. 841(a)(1) or 21 U.S.C. 861(a)(1), punishes the underlying conduct; and the agreement and the substantive offense provisions are not the same for double jeopardy purposes. See United States v. Felix, 112 S.Ct. 1377, 1385 (1992). As for the contention that distribution of cocaine and employment of a minor to distribute cocaine result in multiple punishments for the same offense, to phrase the claim is to dismiss it: each offense requires proof of a different element not contained in the other. See United States v. Dixon, 113 S.Ct. 2849, 2856 (1993). In this case, 21 U.S.C. 841(a)(1) required proof of distribution attributable to the Defendant, whereas 21 U.S.C. 861(a)(1) required proof that Defendant employed a minor for the purpose of distribution, see United States v. Williams, 922 F.2d 737, 739 (11th Cir.) (construing predecessor 845b), cert. denied, 112 S.Ct. 258 (1991); United States v. Valencia-Roldan, 893 F.2d 1080, 1082-1083 (9th Cir.) (same), cert. denied, 495 U.S. 395 (1990). Each provision requires proof of a fact the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 24
 AFFIRMED in part, REVERSED in part.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument