**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL A. COOK,

      Defendant - Appellant.

No. 99-3150
(D.C. No. 98-CR-20040)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

A jury convicted defendant-appellant Michael A. Cook of possessing with

intent to distribute more than 1500 grams of methamphetamine and aiding and

abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and possessing a

firearm and ammunition as a convicted felon in violation of 18 U.S.C.

§ 922(g)(1). The district court sentenced Cook to 293 months imprisonment and

five years of supervised release. On appeal, Cook challenges the district court's

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

denial of his motion for judgment of acquittal based on insufficiency of the evidence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I**

The evidence used to convict Cook was obtained in large part from the April 7, 1998, search of a motel room in which Cook was staying with his girlfriend, Laura Ventura, and her children, Shannon and Bobby Sandnes, as well from the search of Ventura's car. Cook, Ventura, and her children had fled their house and checked into the motel a few days earlier after Mario Meza, who had been living with them in Cook's house, was arrested. When detectives knocked on the motel room door, Cook, Ventura, and her son were present. Ventura answered the door and Agent Jeffrey Brandau obtained consent from her to search the room. The ensuing search uncovered methamphetamine wrapped in a generic, white motel towel inside a duffle bag, and a knife and a blue transparent bag containing magazine clips and loose ammunition on top of a laundry basket.

Upon arresting Cook and Ventura, detectives took them to the parking lot and obtained consent from Ventura to search her car. The keys were in Cook's possession; a search of the car revealed a rifle and Cook's black leather jacket with methamphetamine in its lining. During the course of the search, Cook denied knowledge of the whereabouts of a rifle or any methamphetamine.

## II

We review de novo the district court's determination that sufficient evidence existed to support Cook's conviction. See United States v. McDermott, 64 F.3d 1448, 1457 (10th Cir. 1995). In challenging the sufficiency of the evidence, "defendants are faced with a high hurdle." United States v. Voss, 82 F.3d 1521, 1524 (10th Cir. 1996). We view the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn therefrom, in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Jones, 44 F.3d 860, 864-65 (10th Cir. 1995); United States v. Riggins, 15 F.3d 992, 994 (10th Cir. 1994). While "we may not uphold a conviction obtained by piling inference upon inference," United States v. Valadez-Gallegos, 162 F.3d 1256, 1262 (10th Cir. 1998) (citing Jones, 44 F.3d at 865), a "jury may draw reasonable inferences from direct and circumstantial evidence," United States v. Yoakam, 116 F.3d 1346, 1349 (10th Cir. 1997). Cook asserts that the government offered insufficient evidence at trial to prove beyond a reasonable doubt that he had knowledge of and access to the methamphetamine, firearm, and ammunition found in the motel room and in the trunk of his girlfriend's car.

Count I of the Superseding Indictment charged Cook with possessing with intent to distribute more than one kilogram of methamphetamine and with aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. To sustain a conviction under § 841(a)(1), the government must prove Cook "(1) possessed a controlled substance; (2) knew he possessed a controlled substance; and (3) intended to distribute the controlled substance." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (citing United States v. Mains, 33 F.3d 1222, 1228 (10th Cir. 1994)). Possession of a controlled substance may be either actual or constructive. Constructive possession occurs when a person "knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found." Id. (internal quotations and citations omitted). To be guilty of aiding and abetting the commission of a crime under 18 U.S.C. § 2, Cook must have willfully associated himself with the criminal venture and sought to make the venture succeed through some action of his own. See United States v. McKneely, 69 F.3d 1067, 1072 (10th Cir. 1995). "Participation in the criminal venture may be established by circumstantial evidence and the level of participation may be of 'relatively slight moment.'" United States v. Leos-Quijada, 107 F.3d 786, 794 (10th Cir. 1997) (quoting McKneely, 69 F.3d at 1072). The government must show "some nexus, link, or other connection" between Cook and the methamphetamine. United States v. Reece, 86 F.3d 994,

996 (10th Cir. 1996) (citing United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994)).

The following evidence was introduced at trial: detectives testified that after knocking they heard movement in the room and upon entering witnessed Bobby walking out of the bathroom; Cook was present in the motel room where detectives seized one-half pound of methamphetamine; Ventura and Cook remained at the motel for several days after Meza was arrested; Cook admitted using methamphetamine and receiving quantities from Meza on prior occasions; Ventura and Cook testified that he asked her to smoke some methamphetamine just prior to the police arriving; Cook testified to having some methamphetamine in his possession, which he received from a friend earlier that evening and allegedly threw in the garbage, but was never found or introduced into evidence at trial; the jacket containing methamphetamine which detectives found in the car belonged to Cook; and Cook had possession of the car keys and was the last individual to drive the car before the search.

Cook introduced evidence to rebut the government's case, including testimony that Meza used the jacket in which the drugs were found; Cook suspected Meza of selling drugs; and Ventura took a minute to answer the door because she needed to get dressed. While Cook testified that he had no knowledge of the methamphetamine found by detectives, the jury chose not to

believe him. We resolve conflicting evidence in favor of the government, see United States v. Williamson, 53 F.3d 1500, 1516 (10th Cir. 1995), and we are also mindful that the credibility of witnesses is for the jury to evaluate, see United States v. Davis, 965 F.2d 804, 811 (10th Cir. 1992). We conclude, viewing the evidence in the light most favorable to the government, that a reasonable jury could have found Cook guilty of possessing methamphetamine with intent to distribute and aiding and abetting. Accordingly, the district court properly denied Cook's motion for judgment of acquittal on Count I.

The government also presented sufficient evidence for a reasonable jury to find Cook guilty on the count of possessing a firearm or ammunition. Cook was convicted under 18 U.S.C. § 922(g)(1), which prohibits a person "who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year" from knowingly possessing a firearm with a sufficient nexus to interstate commerce. To sustain a conviction under § 922(g)(1), "the government must prove that: (1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." Mains, 33 F.3d at 1228 (citing United States v. Shunk, 881 F.2d 917, 921 (10th Cir. 1989)).

Cook challenges the sufficiency of the evidence for the second element of the offense. Constructive possession is sufficient for conviction under

§ 922(g)(1). See United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir. 1989). "A person in constructive possession of an item knowingly holds the power and ability to exercise dominion and control over it." United States v. Massey, 687 F.2d 1348, 1354 (10th Cir. 1982) (citing United States v. Zink, 612 F.2d 511, 516 (10th Cir. 1980); Amaya v. United States, 373 F.2d 197, 199 (10th Cir. 1967)). When seeking to prove constructive possession by circumstantial evidence, the government must present evidence to show a connection between the defendant and the firearm. See Mills, 29 F.3d at 549.

In this case, there was sufficient evidence from which a jury could conclude that Cook was in constructive possession of the firearm and ammunition. Evidence presented at trial established that Cook was present in the motel room where the ammunition and magazine clips were found; the ammunition and clips were in plain view in a transparent blue bag on top of the laundry basket; Ventura testified that Cook alone transported the laundry basket from the house to the motel room; Cook had possession of the keys for the car containing the firearm, which was in plain view when the trunk was opened; the trunk also contained Cook's tools and welding shirt which he placed in the trunk a few hours earlier; and some of the ammunition found in the motel room matched the rifle found in the car.

In his defense, Cook introduced testimony that his jeans were covering the blue bag in the laundry basket containing the ammunition and magazine clips; Meza brought the rifle, which was ultimately found in the car, into Cook's house; the car light was not working, preventing Cook from seeing the rifle in the car; and although some of the ammunition found in the motel room matched the rifle found in the car, some did not. Because a reasonable jury could find Cook guilty of possessing a firearm or ammunition when viewing the evidence in the light most favorable to the government, the district court properly denied Cook's motion for judgment of acquittal on Count II.

AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge